MATTER OF GAMBOA

In Deportation Proceedings

A-19921314

A-19924404

*Decided by Board December 7, 1972*

Where it appears that an attempted appeal to the Board of Immigration Appeals is frivolous, or is otherwise subject to summary dismissal for lack of jurisdiction or other reason, the notice of appeal should not be rejected but should be forwarded to the Board for decision on the threshold isssue of appealability. To avoid unnecessary delay in such cases, the record need not ordinarily include a transcript of the hearing but should include the order to show cause, the special inquiry officer's order, the exhibits, the notice of appeal, and a memorandum from the District Director setting forth the basis for his belief that the appeal should be summarily dismissed.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection (both respondents).

ON BEHALF OF RESPONDENT:　　　　ON BEHALF OF SERVICE:
　Otto F. Swanson, Esquire　　　　　Charles Gordon
　215 West Fifth Street　　　　　　　General Counsel
　Los Angeles, California 90013

The record before us presents an important question of procedure which should be resolved.

The material facts are not in dispute. The respondents are husband and wife, aged 24 and 20, respectively, both natives and citizens of Mexico. They both last entered the United States without inspection in February 1972 with the paid assistance of a smuggler. The husband had entered illegally twice before, the first time in 1969. He was granted voluntary departure that year but returned illegally shortly thereafter in February 1970 with the aid of a paid smuggler. He returned to Mexico in November 1971 and reentered with his wife not long thereafter in February 1972, when both were smuggled in.

At the deportation hearing before the special inquiry officer on July 31, 1972, at which respondents were represented by present counsel, they admitted the truth of the factual allegations in their

respective orders to show cause, conceded deportability, and applied for the privilege of voluntary departure. In his oral opinion at the close of the hearing, the special inquiry officer commented on the husband's adverse immigration history and stated that if the husband's case alone were before him, he would have no hesitancy in denying voluntary departure. Noting the wife's youth, her lack of a previous immigration history, and the fact that she was expecting a child in September 1972, the special inquiry officer concluded that both respondents should be granted the relief sought and authorized voluntary departure on or before August 31, 1972. Counsel reserved the right of appeal to this Board, but was informed that in view of the voluntary departure grant no appeal would lie under the exception to 8 CFR 3.1(b)(2).[1]

Notwithstanding this advice, on August 10, 1972 counsel for respondents filed with the Service a notice of appeal to this Board on the appropriate form and paid the required fee. The stated reasons for the appeal, which are quoted in the margin, did not refer to the amount of voluntary departure time.[2] Oral argument before this Board was not requested. By letter dated August 14, 1972, the District Director returned the notice of appeal to counsel "[i]n accordance with the provisions of 8 CFR 3.1(b)(2)." Counsel sent the notice of appeal back, with a letter which stated, in part:

8 CFR 3.1(b)(2) relates to appeals wherein the sole ground of appeal is that a greater period of departure time should have been fixed. You will note that these appeals are to the findings of the Special Inquiry Officer and not to the time fixed for departure.

The Service again rejected the notice of appeal. In a letter to counsel dated August 24, 1972, the Acting District Director stated, in part:

The matters referred to in your [notice of appeal] are confusing in that they do

---

[1] 8 CFR 3.1(b): *Appellate jurisdiction.* Appeals shall lie to the Board of Immigration Appeals from the following: * * *

(2) Decisions of special inquiry officers in deportation cases, as provided in Part 242 of this chapter, except that no appeal shall lie from an order of a special inquiry officer under § 244.1 of this chapter granting voluntary departure within a period of at least 30 days, if the sole ground of appeal is that a greater period of departure time should have been granted.

[2] This appeal is to the findings of the Special Inquiry Officer that the male respondent is not worthy of a grant of voluntary departure by virtue of having been "smuggled into the United States."

Inasmuch as this was the sole "adverse" factor, such finding constitutes an abuse of discretion. Entry in this manner is not relevant to an application for such relief.

To allow the record to so stand will operate to prejudice future applications for benefits. The humanitarian aspects presented in the hearing should have resulted in a grant of the relief requested without the findings described above.

not reflect the true picture of what transpired during the deportation hearings of the above-named respondents.

Your clients admitted all allegations and conceded deportability and requested voluntary departure. The [Special] Inquiry Officer rendered a summary decision on Form I-39, and granted thirty (30) days voluntary departure. The only "findings of facts" which appeared on the record, are that the respondents have been found deportable, and were granted the relief requested.

Counsel thereupon sent the notice of appeal and related correspondence direct to this Board. At our request, the Service's General Counsel has supplied us with the administrative record and a statement of his views. Counsel has been afforded the opportunity to respond, but has not done so. The administrative record does not contain a transcript of the deportation hearing but we do not need it for purposes of the issues confronting us.

We are aware that frivolous appeals are sometimes taken to this Board solely for purposes of delay and we have frequently expressed our disapproval of such tactics. See, *e.g., Matter of Holguin,* 13 I. & N. Dec. 423 (BIA, 1969). "Delay as an end in itself, whether achieved by obstructionism or dilatory tactics, cannot in our view be considered a legitimate object," *Matter of Laqui,* 13 I. & N. Dec. 232 (BIA, 1969), affirmed *Laqui v. INS,* 422 F.2d 807 (C.A. 7, 1970).

Because of the automatic stay pending appeal afforded by 8 CFR 3.6(a), the mere filing of a notice of appeal can in many cases provide the opportunity for long delay. In many Service districts such as Los Angeles, where there is an acute clerical shortage, the problem is aggravated by the large backlog of hearings awaiting transcription before the records on appeal can be forwarded to this Board. In such a situation, an attorney intent on delay can abuse the appellate process and obtain a long delay by the simple expedient of filing a timely notice of appeal to this Board, paying the modest fee, and expressing some seemingly plausible ground for appeal, regardless of how lacking in merit the record ultimately reveals the appeal to be. It was to restrict these opportunities for abuse that our regulations were recently amended, 36 F.R. 316 (January 9, 1971). One of the important changes was the elimination of the right of appeal altogether under the circumstances stated in the exception of 8 CFR 3.1(b)(2), footnote 1, *supra.*

Where it appears to a District Director that an attempted appeal comes within that provision or is otherwise subject to summary dismissal for lack of jurisdiction or other reason, it seems to us that the proper procedure is to have him forward the record to us for review as promptly as possible. To avoid unnecessary delay, the record need not ordinarily include a transcript of the hearing if the District Director is satisfied the issue can adequately be presented without it. The record should include the order to show cause, the special inquiry officer's order, the exhibits, the notice of

appeal, and a memorandum from the District Director (a copy of which should be served on counsel) setting forth the basis for his belief that the appeal should be summarily dismissed. If we should conclude that a transcript of the hearing is necessary for the proper disposition of the case, we would request it.

Even where the District Director believes the appeal is frivolous or is otherwise subject to summary dismissal, he should not ordinarily take it upon himself to reject the notice of appeal.[3] In handling the preparation and transmittal of records on appeals under Part 3 of 8 CFR, the Service acts for the Board. Regardless of the insubstantiality of an appellant's contentions regarding appealability, when he refuses to accept Service advice that a case is nonappealable the correct procedure is to refer the record to the Board for decision on the threshold issue of appealability. It is improper, in our view, to deny the party access to the Board after he has expressed unwillingness to accept the Service's advice. We believe that questions as to the Board's jurisdiction should be left to the Board itself for decision.

To discourage dilatory appeals, we shall continue, as heretofore, to adjudicate such cases on a priority basis. In transmitting the record in such a case to the Board, the District Director should appropriately flag it, so that the need for expedited handling is readily apparent.

As counsel has pointed out, the notice of appeal filed in this case challenges the special inquiry officer's decision on a basis other than that stated in the exception to 8 CFR 3.1(b)(2). It is true that some attorneys, actually intent only on delaying the ultimate departure time, studiously avoid any such statement in the notice of appeal and manage to contrive a stated ground of appeal which makes no mention of voluntary departure. The ingenuity and inventiveness of some attorneys in devising grounds of appeal plausible on their face but bearing no realistic relation to the record is simply astounding. Whatever inferences one may draw as to the attorney's underlying motivation in such a case, however, unless the ground articulated in the notice of appeal comes squarely within the terms of the regulation, we may not deny our jurisdiction to adjudicate the appeal. We therefore turn to the merits of the case before us.

---

[3] We use the term "ordinarily" advisedly. There will be times when the District Director will be justified in not sending us a record on appeal even where the appeal is specifically directed to us. For example, where through misinformation or the inadvertent use of an improper form (Form I-290A instead of I-290B), an appeal is taken to this Board instead of to a Regional Commissioner from a sixth preference visa petition denial, the District Director should direct the record to the Regional Commissioner rather than to us.

247

Counsel does not attack the fact findings on which the conclusion of deportability is based or the conclusion of deportability itself. He is in no position to challenge the denial of any form of discretionary relief from deportation, for the special inquiry officer granted respondents the only form of discretionary relief for which they applied or are eligible, voluntary departure. In essence, what counsel excepts to is the special inquiry officer's statement that the male respondent's three illegal entries constitute adverse factors which would warrant denial of voluntary departure in his case if it were not coupled with that of his wife. Counsel asserts that the manner of entry is not a relevant factor in exercising discretion on an application for voluntary departure; that the inclusion of such a statement in the special inquiry officer's opinion will prejudice the male respondent in making future applications for benefits under the immigration laws; and that the humanitarian aspects of the case warrant the grant of the requested relief without mention of the manner of entry.

We have considerable doubt whether the male respondent, as the beneficiary of the special inquiry officer's discretionary grant of voluntary departure, has standing to question the mental processes by which the special inquiry officer arrived at his conclusion that discretion should be *favorably* exercised. We need not resolve that doubt. Laying aside the question of standing and confronting the issues tendered on their merits, we conclude that the contentions advanced by counsel are completely without substance.

The mere fact that an alien may be eligible for some form of discretionary relief does not mean that he must be granted that relief; discretion must still be exercised, *Hintopoulos* v. *Shaughnessy*, 353 U.S. 72 (1957). In exercising discretion on a voluntary departure application, the special inquiry officer may take into account many factors, including the alien's prior immigration history, the nature of his entry or entries (whether as crewman, stowaway, smuggled alien, alien in transit without visa, etc.), his violations of the immigration and other laws, and the like, *Matter of M—*, 4 I. & N. Dec. 626 (BIA, 1952); *Matter of Pimentel*, 12 I. & N. Dec. 50 (BIA, 1967); *Matter of Wong*, Interim Decision No. 1966 (BIA, 1969). Discretion may be favorably exercised in the face of adverse factors where there are compensating elements such as long residence here, close family ties in the United States, or humanitarian needs, *Matter of S—*, 6 I. & N. Dec. 692 (A.G., 1955).

The special inquiry officer acted properly in balancing what he rightly considered to be adverse factors against the humanitarian needs of the female respondent and in articulating his analysis in his written opinion. In clearly stating the reasons for his decision,

the special inquiry officer carried out the normal responsibilities of his office. A special inquiry officer's decision is reviewable, on appeal by either the respondent or the Service, by this Board and ultimately by the courts. It is proper that he should clearly set forth the reasons for his decision, so that the respondent and the Service may be in a better position to appraise the desirability of appeal and so that a reviewing tribunal may be in a better position to assess his judgment. We can find no fault with the special inquiry officer for expressly stating why he did what he did.

**ORDER:** The appeal is dismissed.

*Further order:* The respondents are permitted to depart voluntarily in accordance with the terms of the special inquiry officer's order within 31 days from the date of this order or any extension beyond that date as may be fixed by the District Director; upon failure so to depart when and as required, the respondents shall be deported to Mexico as directed by the special inquiry officer.