**Joaquin LOPEZ–REYES, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 82–4092**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1982.

Lisa S. Brodyaga, Harlingen, Tex., for petitioner.

Stephen M. Weglian, Lauri Steven Filppu, Robert Kendall, Jr., Gen. Litigation and Legal Advice Section, Criminal Div., Washington, D.C., for respondent.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

At a hearing held before an immigration judge on September 22, 1981, Joaquin Lopez-Reyes was found deportable and was allowed the period of time he requested to make a voluntary departure. During the hearing, Lopez admitted all relevant facts and conceded deportability. On September 25, 1981, Lopez's newly retained counsel filed a notice of appeal to the Board of Immigration Appeals (BIA), complaining that the immigration judge erred in not giving Lopez 30 days to make voluntary departure "to ensure that he could obtain the necessary funds for departure," and that "other errors will be identified upon receipt of the transcript."

On October 23, 1981, the INS filed a brief in which it contended that the appeal should summarily be dismissed as frivolous and filed solely for the purpose of delay. Citing *Matter of Gamboa,* 14 I & N Dec. 244 (BIA 1972), the service further stated that no transcript was needed for the appeal. A copy of this brief was served on Lopez's counsel.

On January 14, 1982, the service filed a memo with the BIA in which it noted the transmittal of the record of the proceedings but, consistent with *Matter of Gamboa,* reiterated the district director's opinion that the appeal was frivolous and no transcript was considered necessary for the Board's disposition, thus none was being forwarded.

Counsel for Lopez was not given a copy of this memorandum. No brief was filed on behalf of Lopez.

On February 5, 1982, the BIA dismissed the appeal summarily, without oral argument, pursuant to 8 C.F.R. 3.1(d)(1–a)(ii) and (iii), and *Matter of Holguin*, 13 I & N Dec. 423 (BIA 1969). The Board was of the opinion that the appeal appeared to have been taken solely for the purposes of delay and that Lopez was appealing a judgment which granted him the relief he requested.

At the hearing on September 23, 1981, Lopez acknowledged that he had made illegal entry into the United States, having crossed the border without inspection. He conceded his deportability and stated that the Dominican Republic was his native country. Preferring the obvious advantages of voluntary departure over deportation, Lopez represented that he could secure promptly the necessary travel funds from his family and requested nine days in which to do so.

The immigration judge granted the request for voluntary departure and set the time therefor on the date requested "or any extension beyond such date as may be granted by the district director." Lopez filed no extension request with the district director but noticed the present appeal instead.

Lopez complains of the time allowed for his voluntary departure. He has no basis for that complaint. Under section 244(e) of the Immigration and Naturalization Act, 8 U.S.C. § 1254(e), the Attorney General may permit the voluntary departure of certain aliens qualifying thereunder. In order to secure the benefits of voluntary departure, it is necessary that the alien demonstrate "that he is willing and has the immediate means with which to depart promptly from the United States." 8 C.F.R. § 244.1. Lopez informed the immigration judge that he could acquire quite readily, the funds needed for his voluntary travel to the Dominican Republic. The availability of the requisite funds was an essential consideration in determining whether Lopez qualified for the discretionary grant of voluntary departure.

Lopez challenges the summary procedure before the BIA, insisting that no ruling should have been made without the transcript of the hearing. Lopez misapprehends the legal effects of the situation as presented herein. It is not disputed that Lopez is subject to deportation under 8 U.S.C. § 1251(a)(2), because of his wrongful entry. He does not challenge this fact. The sole issue is whether the administrative treatment accorded his request for time to effect a voluntary departure passes statutory and constitutional muster. No transcript is needed for this determination, we need only look to the ruling by the immigration judge and the reasons stated for the appeal to the BIA: "The Immigration Judge erred in not giving the respondent thirty days voluntary departure, to ensure that he could obtain the necessary funds for his departure . . . ."

Faced with this judicial admission by Lopez—that he needed time "to ensure that he could obtain the necessary funds for his departure"—the BIA had to determine only whether it would use the summary dismissal procedure it had adopted in *Matter of Gamboa*:

> Where it appears to a District Director that an attempted appeal . . . is . . . otherwise subject to summary dismissal for lack of jurisdiction or other reason, it seems to us that the proper procedure is to have him forward the record to us for review as promptly as possible. To avoid unnecessary delay, the record need not ordinarily include a transcript of the hearing if the District Director is satisfied the issue can adequately be presented without it. The record should include the order to show cause, the special inquiry officer's order, the exhibits, the notice of appeal, and a memorandum from the District Director (a copy of which should be served on counsel) setting forth the basis for his belief that the appeal should be summarily dismissed. If we should conclude that a transcript of the hearing is necessary for the proper disposition of the case, we would request it.

14 I & N Dec. at 246–247. The BIA dismissed Lopez's appeal without reviewing

the transcript pursuant to 8 C.F.R. §§ 3.1(d)(1–a)(ii) and (iii),[1] on the basis of his concession of deportability and the immigration judge's allotment of the amount of voluntary departure time sought.

The surface appeal in Lopez's assertion that he was denied notice of the INS's intent to seek summary dismissal because he did not receive a copy of the transmittal memo fades on closer examination. The memo did nothing more than restate in abbreviated form the position earlier taken by the INS in its appellate brief, which had been served on counsel. No prejudice could have or did result from the failure to furnish Lopez a copy of the January memo. *See Ka Fung Chan v. Immigration and Naturalization Service,* 634 F.2d 248 (5th Cir.1981). The appellate brief, in this instance, satisfies the memo requirement referred to in *Gamboa.*

Summary disposition being appropriate, the BIA was confronted with the question whether Lopez could validly complain about the time he was allowed for voluntary departure. It is immediately apparent that Lopez could not do so—his counsel judicially admitted that he needed more time in which to acquire the necessary travel funds. Therefore, Lopez could not qualify for voluntary departure, which is permitted only when the alien "has the immediate means with which to depart promptly from the United States." 8 C.F.R. § 244.1. The immigration judge exceeded his range of discretion when he accorded Lopez the privilege of voluntary departure. Since Lopez was not entitled to any days, he cannot be heard to complain that he received only nine.

The petition for review is DENIED, the BIA decision is AFFIRMED.

---

1. Subsections (ii) and (iii) of 8 C.F.R. § 3.1(d)(1–a) provide:

    Notwithstanding the provisions of paragraph (e) of this section, the Board may deny oral argument concerning, and summarily dismiss, any appeal in any deportation proceeding under Part 242 of this chapter in any case in which ... (ii) the only reason specified by the party concerned for his appeal involves a finding of fact or a conclusion of law which was conceded by him at the hearing, (iii) the appeal is from an order that granted the party concerned the relief which he requested ....