## MATTER OF TORRE

### In Deportation Proceedings

### A-27009418

### Decided by Board January 25, 1984

(1) In an appeal from an immigration judge's decision in a deportation case, the record of proceeding must always contain the immigration judge's order, the Order to Show Cause and Notice of Hearing (Form I-221), any exhibits, and the Notice of Appeal (Form I-290A).

(2) Where it appears that an appeal may be appropriate for summary dismissal under 8 C.F.R. § 3.1(d)(1-a) (1984), either party may request that the immigration judge forward the case to the Board without a transcript of the hearing.

(3) If the immigration judge determines that a transcript is necessary for proper adjudication of the appeal, he may direct that a transcript be included, and there shall be no appeal from this determination; otherwise, the immigration judge shall forward the request for review without a transcript to the Board for resolution, together with the other documents required to be included in the record. *Matter of Gamboa*, 14 I&N Dec. 244 (BIA 1972), modified in part.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Patrick Murphy, Esquire
Peter Upton, Esquire
American Friends Service Committee
1205 Sunset Drive
Miami, Florida 33143

ON BEHALF OF SERVICE:
Kenneth S. Hurewitz
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated September 30, 1983, an immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as an alien who entered the United States without inspection by immigration officers. The respondent appealed. Counsel for the Immigration and Naturalization Service has requested that we summarily dismiss the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a) (1984). He

argues that the appeal is stated in generalized language, does not specify the reason for appeal, and is "patently frivolous and dilatory." The record will be returned to the immigration judge.

The record file presently before us does not contain a transcript of the proceedings, or the immigration judge's order. In *Matter of Gamboa*, 14 I&N Dec. 244 (BIA 1972), we held, inter alia, that when it appears to the district director that a case is subject to summary dismissal, and the appeal can be adequately presented to the Board without a transcript of the proceedings below, he may forward the record to us for consideration whether review without a transcript is appropriate. We further held, however, that the record should always contain the immigration judge's order, the Order to Show Cause and Notice of Hearing (Form I-221), any exhibits, and the Notice of Appeal (Form I-290A), as well as a memorandum stating why the case should be summarily dismissed. As the record now before us does not contain the immigration judge's order, we cannot decide the appeal. Under *Matter of Gamboa*, return of the file to the immigration judge is necessary so that the decision can be transcribed and included in the record.

In addition, however, we find that *Matter of Gamboa, supra*, must be modified. While the immigration judge has always had responsibility for the contents of the record file (*Matter of Gibson*, 16 I&N Dec. 58 (BIA 1976)), previously it was the district director who had administrative control over the record file. For this reason, authority was provided to the district director to determine whether an appeal should be forwarded to the Board for a decision as to whether the appeal could be appropriately considered without a transcript. Since January of 1983, however, when the immigration judges were removed from the Immigration and Naturalization Service and made a part of a separate unit within the Department of Justice,[1] they have assumed administrative control over the records of proceedings. We have determined that under these new circumstances, a new procedure is required. In appropriate cases as described in *Matter of Gamboa, supra*, either party may request that the immigration judge forward the case to the Board without a transcript. Such a request must be served on the other side. Any response to such a request must be promptly filed. If the immigration judge initially concludes that a transcript is necessary to adequately adjudicate the appeal, he may direct that a transcript be included. An immigration judge's determination to require a tran-

---

[1] The immigration judges now come under the authority of the Office of the Chief Immigration Judge, which in turn is part of the newly formed Executive Office for Immigration Review, of which this Board is also a part.

script is not appealable. Otherwise, the immigration judge shall forward the request for review without a transcript to the Board for resolution, together with the other documents specified in *Matter of Gamboa*. To the extent that *Matter of Gamboa* is inconsistent with our new holding, it is modified. However, the *Gamboa* requirements regarding the contents of the record file remain in effect.

Accordingly, we will return the record to the immigration judge for further action pursuant to the foregoing opinion.

**ORDER:** The record is returned to the immigration judge for further action consistent with the foregoing decision.