## MATTER OF CESPEDES

### In Deportation Proceedings

### A-26642351

*Decided by Board September 20, 1988*

(1) A record of proceeding forwarded to the Board without a transcript of the proceedings pursuant to a motion for summary dismissal of the appeal under *Matter of Torre*, 19 I&N Dec. 18 (BIA 1984), must include a transcript of the immigration judge's decision in its entirety; the forwarding of the "order" and "further order" portions of the immigration judge's decision alone is insufficient.

(2) The mere statement on a Notice of Appeal (Form I-290A) that a brief will be filed upon receipt of a transcript of the proceeding does not absolve the appealing party of the responsibility of adequately identifying the reasons for appeal on the Notice of Appeal.

(3) Where a motion for summary dismissal of an appeal has been made, the appellant can respond in various manners: (1) argument can be made that the statements in the Notice of Appeal adequately set forth the reasons for the appeal; (2) the statement on appeal can be elaborated upon to meaningfully identify the reasons for appeal; (3) a brief in support of the appeal can be submitted; or, (4) if there are unusual reasons why a more explicit statement of the reasons for appeal cannot be provided until a transcript is prepared, they should be clearly identified.

(4) Absent a meaningful statement of the reasons for an appeal or an adequate explanation of why a transcript of the proceedings is necessary before such reasons can be set forth, there is no appropriate reason to extend appellate briefing time beyond the period fixed by regulation.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Samuel Jay Levine, Esquire
Law Offices of Levine & Sobral, P.C.
4001 North 9th Street, Suite 224
Arlington, Virginia 22203

ON BEHALF OF SERVICE:
Gaylyn Boone
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 22, 1988, the immigration judge found the respondent deportable as charged, denied his applications for political asylum and withholding of deportation, but granted him the privilege of voluntary departure. The respondent appealed. The record will be returned to the Office of the Immigration Judge for further action.

Subsequent to the February 22, 1988, decision of the immigration judge, the respondent, through counsel, filed an appeal that reads in its entirety: "The denial of constitutional due process. A brief will be submitted in a reasonable period of time after counsel has received a transcript of the proceedings."

On March 2, 1988, the Immigration and Naturalization Service filed a motion for summary dismissal of the appeal without a transcript of the proceeding being prepared. *See Matter of Torre,* 19 I&N Dec. 18 (BIA 1984); *Matter of Gamboa,* 14 I&N Dec. 244 (BIA 1972). In support of its motion, the Service argued that the respondent's appeal was ripe for summary dismissal pursuant to 8 C.F.R. § 3.1(d)(1-a) (1988) because it was stated in general language, failed to specify the aspect of the immigration judge's decision deemed incorrect and for what reasons, and was frivolous and filed for the purposes of delay.

The Service's request to forward the record to the Board for possible consideration without the preparation of a transcript was granted by the immigration judge on March 4, 1988, prior to the respondent having an opportunity to respond to the request. It is not clear that the respondent was ever advised that the request had been approved. The record of proceedings was then forwarded to the Board without a transcript of either the proceedings or the immigration judge's decision.

On March 15, 1988, the respondent filed an opposition to the Service's request. The basis for the opposition reads in its entirety: "It is asserted that the government is in error in that due process is a matter for this Board of Immigration Appeals to consider."

The procedures regarding requests to forward records on appeal to the Board without a transcript of the proceedings being prepared are set forth in *Matter of Torre, supra,* and *Matter of Gamboa, supra.* Both decisions note that the record forwarded to the Board should include the immigration judge's "order." In this case, the record includes what is designated as an "order supplementing the oral decision of the immigration judge," but not a transcript of the oral decision itself. The term "order," when used in *Matter of Torre* and *Matter of Gamboa,* refers to the immigration judge's decision, not simply the "order" and "further order" portions of the decision. Accordingly, it is necessary to return the

file to the Office of the Immigration Judge so that the decision can be transcribed and included in the record.

We note, however, that the statement on the Notice of Appeal (Form I-290A) in this case is so general as to provide no guidance as to the reasons for taking the appeal. By stating only that there was a "denial of constitutional due process," the respondent has not meaningfully identified the aspect of the immigration judge's decision that is challenged and the reasons underlying the challenge. To review this case, it would be necessary to first review the record and then speculate on what possible errors the respondent claims (*i.e.,* it would be necessary to construct the reasons for appeal before they could be addressed). *See Matter of Valencia,* 19 I&N Dec. 354 (BIA 1986); *Matter of Holguin,* 13 I&N Dec. 423 (BIA 1969). Therefore, this was an appropriate case for the Service to request that the record be forwarded to the Board for consideration for summary dismissal without a transcript being prepared.

Where such a request is made, an appellant can respond in various manners: (1) argument can be made that the statements on the Notice of Appeal do adequately set forth the reasons for the appeal; (2) the statement on appeal can be elaborated on to meaningfully identify the reasons for the appeal; (3) a brief in support of the appeal can be submitted; or, (4) if there are unusual reasons why a more explicit statement of the reasons for appeal cannot be provided until a transcript is prepared, they should be clearly identified. The mere statement on the Notice of Appeal that a brief will be filed upon receipt of a transcript of the proceeding does not absolve an appellant of the responsibility of adequately identifying the reasons for appeal on the Notice of Appeal. We note that a brief on appeal is due "within the time fixed for appeal," unless an additional period is designated. *See* 8 C.F.R. § 3.3(c) (1988). Absent a meaningful statement of the reasons for appeal or an adequate explanation of why a transcript of the proceedings is necessary before such reasons can be set forth, there is no appropriate reason to extend the briefing time. We note that it would be an unusual case where an appellant cannot set forth a meaningful statement of the reasons for appeal before the transcript is prepared. Here, the respondent's March 15, 1988, reply to the Service's request does not provide any further meaningful guidance as to the reasons for appeal.

In this case, the record is being returned for the inclusion of a transcript of the immigration judge's oral decision. Upon service of the decision, the respondent is granted 10 days in which to respond to the Service's *Torre* request in view of the standards set forth above. If a response is filed, the immigration judge should further

review the Service request under the procedures set out in *Matter of Torre*. If no further response is filed, the record should be returned to the Board.

**ORDER:** The record is returned to the Office of the Immigration Judge for further action in accordance with the foregoing decision.