974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio HERNANDEZ, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70413.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1991.*
Decided Sept. 9, 1992.
 
 Petition for Review of an Order of the Board of Immigration Appeals; No. Ahr-fan-goj.
 B.I.A.
 AFFIRMED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Hernandez petitions this court for review of the Board of Immigration Appeals (BIA) decision ordering his deportation under 8 U.S.C. § 1251(a)(11) for a felony conviction for possession of heroin with the intent to distribute. We affirm.
 
 STATEMENT OF CASE
 
 3
 On March 3, 1988, the INS served Hernandez with an Order to Show Cause, charging him with deportability under 8 U.S.C. § 1251(a)(11)[1] because of a felony drug conviction. Hernandez, a Mexican citizen, had resided in the United States since December 15, 1984 as a lawful permanent resident. On November 12, 1986, he was convicted in federal court of possessing 537 grams of heroin with the intent to distribute.
 
 
 4
 The original deportation hearing was scheduled for March 6, 1990. On February 27, 1990, the immigration judge (IJ) granted a change of venue. Over the next ten months, four continuances were granted. The final hearing took place on January 10, 1991 and Hernandez was ordered deported to Mexico. Hernandez appealed the IJ's decision pro se. On May 21, 1991, the BIA dismissed Hernandez' appeal and ordered him deported.
 
 DISCUSSION
 I. Review without Transcripts
 
 5
 The IJ granted the INS' motion to send the record to the BIA without the hearing transcript. An alien's appeal may be reviewed without the transcript of the deportation hearing when it appears that a case is subject to summary dismissal, and an appeal can be adequately presented to the Board without a transcript. See Matter of Torre, 19 I. & N. Dec. 18 (BIA 1984). The only requirement is that the motion be "served on the other side." Id. The "other side" is either the attorney of record or the alien if he is unrepresented. See 8 C.F.R. § 292.5(a) (1992). Hernandez filed his notice of appeal to the BIA pro se. He was represented by counsel at the hearing, but the attorney did not file a second notice of appearance for the appeal. See 8 C.F.R. §§ 3.36(d), 292.4(a) (1992). The INS served its motion on Hernandez. That satisfied the regulatory requirements since it appeared that Hernandez was unrepresented by counsel.
 
 II. Sufficient Evidence of Deportability
 
 6
 The Government bears the burden of establishing the facts supporting Hernandez' deportability by clear, unequivocal, and convincing evidence. See Woodby v. INS, 385 U.S. 276, 277, 87 S.Ct. 483, 484, 17 L.Ed.2d 362 (1966); Corona-Palomera v. INS, 661 F.2d 814, 816 (9th Cir.1981). A certified copy of the judgment and commitment order regarding Hernandez' felony drug conviction provided clear and convincing evidence of his deportability. Cf. De La Cruz v. INS, 951 F.2d 226, 227 (9th Cir.1991).
 
 III. Continuance
 
 7
 "The decision to grant or deny a continuance is in the sound discretion of the judge." De La Cruz, 951 F.2d at 229. The IJ may grant a continuance for "good cause." 8 C.F.R. § 3.27 (1992). Here, the IJ's denial of the continuance was not an abuse of discretion. Hernandez had already been granted four continuances and one change of venue, and he had representation at the final hearing. See Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986). Furthermore, no purpose would have been served by a continuance because Hernandez was clearly deportable and statutorily ineligible for relief. See De La Cruz, 951 F.2d at 229; Matter of Sibrun, 18 I. & N. Dec. 354, 356-57 (BIA 1983).[2]
 
 IV. Fair Hearing
 
 8
 We do not have jurisdiction to hear the claim that Hernandez was denied a fair hearing because he failed to present the issue to the BIA and the claim involves mere procedural error that could have been corrected by that tribunal. See Vargas v. Department of Immigration, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This section has been recodified at 8 U.S.C. § 1251(a)(2)(B)(i)
 
 
 [2]
 If there is some material evidence that was not presented at the deportation hearing, and Hernandez can cite counsel's lack of preparation as the cause of the failure to previously present the evidence, then his remedy is to make a motion before the BIA to reopen the deportation proceedings. Vides-Vides, 783 F.2d at 1470