# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3280

_____

Nelson Pinos Gonzalez

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 14, 2019
Filed: July 5, 2019

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Nelson Pinos Gonzalez petitions for review of the denial by the Board of Immigration Appeals (the Board) of his motion to reopen *in absentia* deportation proceedings from 1994. He argues that he did not receive adequate notice of the charges against him. Finding no abuse of discretion in the Board's determination that Pinos had failed to establish a case for reopening, we deny the petition.

Pinos entered the United States without inspection in 1992. After working in a restaurant in New York for several months, he visited his brother-in-law in Minneapolis, where he was arrested in an immigration raid. While Pinos was in custody, immigration officials drafted an Order to Show Cause charging him with eligibility for deportation. The Order to Show Cause contained notices of rights and consequences written in both English and Spanish, a copy of Pinos's fingerprint, and a declaration signed by an immigration agent that the form had been read to Pinos in Spanish. The notice of rights and consequences admonished Pinos that he was required to provide an address where he could be contacted and that he was to provide written notice of any change in address. Pinos provided a Minneapolis address and signed the Order to Show Cause. He then signed an Order of Release on Recognizance form that was written only in English.

Upon his release, or shortly thereafter, Pinos returned to New York. Notice of his deportation proceedings was sent to the Minneapolis address that he had provided, where it was signed for but never forwarded. He was ordered deported in March 1994.

Pinos later moved to New Haven, Connecticut, where he eventually earned a full-time job and fathered three U.S. citizen children with his long-term partner. In 2012, an immigration attorney advised him to self-report to Immigration and Customs Enforcement (ICE), which he did. He continued meeting with his local ICE officers for approximately five years. In the meantime, Pinos's attorney tried and failed in 2014 to reopen his deportation proceedings, and his appeal was dismissed by the Board.

In October 2017, Pinos's local ICE branch abruptly informed him that he must leave the country by November 30. Pinos thereafter filed a motion with ICE for a discretionary stay of removal, which was denied, and new motions with the Board to reopen his proceedings and stay his removal, which were also denied. With new

counsel, he subsequently filed the present motion to reopen. He contends that the full Order to Show Cause was neither presented to him nor read to him in Spanish. Accordingly, he claims that he was unaware of the requirement that he apprise immigration officials of his subsequent change in address, which resulted in his absence from the hearing.

A motion to reopen *in absentia* proceedings based on lack of notice may be brought at any time. See 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). "A party seeking to reopen exclusion proceedings must state the new facts which he intends to establish, supported by affidavits or other evidentiary material." Matter of Haim, 19 I. & N. Dec. 641, 642 (BIA 1988). When the underlying proceeding was held *in absentia*, "the alien must establish that he had 'reasonable cause' for his absence from the proceedings." Id. We review the Board's refusal to reopen proceedings for abuse of discretion, and we will affirm unless the decision was "arbitrary, irrational, or contrary to law." Carrete-Michel v. INS, 749 F.2d 490, 493 (8th Cir. 1984); see also INS v. Abudu, 485 U.S. 94, 105 (1988).

Pinos first argues that the Board failed to address the merits of his case because it erroneously determined that his motion failed on procedural grounds. The Board's order clearly states, however, that Pinos was entitled to bring his motion at any time. The Board denied Pinos's motion on the merits, concluding that he had previously admitted in his first motion to reopen that he had received a "charging document, although it was referred to as a 'Notice to Appear' in the motion." A Notice to Appear is the charging document now used in removal proceedings, following the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. As previously stated, however, the charging document prepared for Pinos in 1993 was called an Order to Show Cause.

Pinos contends that his prior statement constituted a mere error by his former counsel, as evidenced by the erroneous use of the term "Notice to Appear." The

Board held that Pinos was required to establish ineffective assistance of counsel to negate the admission, but that he had raised no such argument. See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988) ("Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances."). We have held that "judicial admissions are binding for the purpose of the case in which the admissions are made including appeals." State Farm Mut. Auto. Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir. 1968); see also Lopez-Reyes v. INS, 694 F.2d 332, 334 (5th Cir. 1982) (applying the judicial admissions doctrine to an admission made in an immigration administrative hearing). The Board did not err in binding Pinos by his prior admission, absent a showing of ineffective assistance of counsel. See Martinez v. Bally's La., Inc., 244 F.3d 474, 477 (5th Cir. 2001) ("A judicial admission is conclusive, unless the court allows it to be withdrawn." (quoting Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995))); Lozada, 19 I. & N. Dec. at 639 (holding that absent a showing of "egregious circumstances," a litigant must establish ineffective assistance of counsel to negate counsel's binding act). Pinos does not claim ineffective assistance of counsel in this appeal.

Even setting Pinos's admission aside, his allegations are contradicted by his prior affidavits and the physical evidence. In his first affidavit, from 2014, Pinos stated:

> I told the officials my intention was to go to New York, they never told me or gave me any paper to change my address. I did not hear anything and I thought the court was finished. I never got mail from the address in Minnesota.

> I never received any mail and I only received from the officials at the jail a letter in [E]nglish. My friend told me it sa[id] a date would be coming for court, but he could not explain when or if it would be in New York.

In his second affidavit, from 2017, however, Pinos said, "I don't remember exactly what the officer told me or gave me. I can't remember if the officer spoke to me in English or Spanish or told me to go to court. I remember an officer took my fingerprints, but that is pretty much all." Finally, in his current affidavit, Pinos describes the events as follows:

> They called our names one by one and proceeded to take us to a desk where an officer would ask us questions . . . . After a long wait, they called my name. The officer started asking me questions. After he was done with the questions, he asked me to put my fingers on an ink pad and made me press my fingers against a sheet of paper.
>
> At one point, we also signed some documents. I do not know what documents we signed, I figured it was just documents that they use to process people. The documents were not read to me in English or Spanish and the officer never clearly explained to me what I was signing.
>
> . . . [Recently] I recalled an immigration agent telling us in Spanish that we should wait for the documents that explain the next steps in the mail. I don't recall being told what were the consequences if I didn't follow through. All I knew was that something may arrive in the mail.
>
> . . . I did not leave the detention facility with any document in hand.

In addition to his own prior statements—which are inconsistent and contradictory regarding which forms he was given and how much he can remember—Pinos's current assertions are also contradicted by the physical evidence. A special agent certified that the Order to Show Cause had been read in Spanish and personally served upon Pinos. Pinos then signed the line marked in both English and Spanish "acknowledgment/receipt of this form." In light of this evidence, the Board did not abuse its discretion in concluding that Pinos had failed to establish reasonable cause for his absence from his deportation proceedings based on lack of notice.

Finally, we lack jurisdiction to review the Board's refusal to *sua sponte* reopen the proceedings, see Tamenut v. Mukasey, 521 F.3d 1000, 1004-05 (8th Cir. 2008) (en banc), and we conclude that the Board did not err in declining to rule on Pinos's alternative motion to remand the case to the immigration court, see In re L-V-K-, 22 I. & N. Dec. 976, 978 (BIA 1999) (holding that a motion for remand is the functional equivalent of a motion to reopen).

The petition for review is denied.

_____