# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2922

_____

Juan Carlos Solorzano-Guerrero

*Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 18, 2020
Filed: March 25, 2020
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Juan Carlos Solorzano-Guerrero petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to remand, in which he argued that the immigration judge lacked the statutory authority to enter a 2011 order of removal in absentia. After careful review, we conclude that the BIA did not abuse its discretion in concluding that the motion was untimely and

numerically barred.  See Rodriguez de Henriquez v. Barr, 942 F.3d 444, 447 (8th Cir. 2019) (explaining the standard of review); Pinos Gonzalez v. Barr, 929 F.3d 595, 598 (8th Cir. 2019) (noting that a motion for remand is the functional equivalent of a motion to reopen).  We therefore decline to reach the parties' arguments regarding the underlying merits of the motion.  We further conclude that we lack jurisdiction to review the BIA's decision declining to sua sponte rescind, reconsider, or reopen the proceedings because Solorzano-Guerrero has not raised a colorable constitutional claim.  See Ramos-Portillo v. Barr, 919 F.3d 955, 962-63 (5th Cir. 2019) (concluding that the petitioner, who sought to rescind his order of removal in absentia and reopen his proceedings, did not demonstrate a due process violation because he had no liberty interest in the discretionary reopening of removal proceedings); Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 441 (8th Cir. 2008) (concluding that an applicant has no constitutionally protected liberty or property interest in the discretionary relief of cancellation of removal, and cannot establish a due process right to obtain that relief).

Accordingly, the petition for review is denied.  See 8th Cir. R. 47B.

_____