# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2595

_____

Chong Toua Vue

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

------------------------------

Immigrant Law Center of Minnesota; Immigrant Legal Resource Center; National Immigration Project of the National Lawyers Guild

*Amici on Behalf of Petitioner*

_____

No. 18-3671

_____

Chong Toua Vue

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

------------------------------

Immigrant Law Center of Minnesota; Immigrant Legal Resource Center; National Immigration Project of the National Lawyers Guild

*Amici on Behalf of Petitioner*

_____

Petitions for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 18, 2019
Filed: March 27, 2020

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Through two petitions for review, Chong Toua Vue asks us to decide whether the Board of Immigration Appeals misinterpreted a recent Supreme Court decision when it refused to reopen his case. The decision is *Esquivel–Quintana v. Sessions*, 137 S. Ct. 1562 (2017), and Vue believes it means that he is no longer removable. We deny both petitions for review because, despite his procedural arguments to the contrary, the Board did not have to give him another try.

I.

Vue is a citizen of Laos who came to the United States as a refugee in 1990 and later became a lawful permanent resident. In 2002, he pleaded guilty to hiring a person "under the age of 18 years but at least 16 years to engage in sexual penetration or sexual contact." Minn. Stat. § 609.324, subd. 1(c)(2). After he pleaded guilty, the Department of Homeland Security charged him as removable for committing an "aggravated felony": "sexual abuse of a minor." *See* 8 U.S.C.

-2-

§ 1101(a)(43)(A). In 2005, an immigration judge agreed that he was removable but decided that he could not be removed to Laos because he would likely be persecuted there. *See id.* § 1231(b)(3); *see also Gumaneh v. Mukasey*, 535 F.3d 785, 788 (8th Cir. 2008) (discussing the remedy of "withholding of removal"). He remains in the United States today.

Twelve years later, in 2017, Vue asked the Board to reopen those proceedings under two separate provisions. The first is a regulation, 8 C.F.R. § 1003.2, which gives the Board the discretion to reopen proceedings "on its own motion." The second is a statute, 8 U.S.C. § 1229a(c)(7), which gives aliens the right to file one motion to reopen within 90 days of a final order of removal. *See id.* § 1229a(c)(7)(C)(i).

Under each provision, Vue's theory has been that *Esquivel–Quintana* narrowed what crimes qualify as "sexual abuse of a minor." For statutory-rape offenses depending solely on a victim's age, *Esquivel–Quintana* limits "sexual abuse of a minor" to only those crimes requiring the victim to be "younger than 16." 137 S. Ct. at 1568. Vue believes this age cutoff is universal, meaning that his own solicitation-of-prostitution offense, which did not involve a victim under age 16, would not qualify as "sexual abuse of a minor." This "fundamental change in the law," in his view, justifies reopening his removal proceedings, *In re G-D-*, 22 I. & N. Dec. 1132, 1132–35 (BIA 1999) (discussing when a "fundamental change in the law" allows a case to be reopened), and equitably tolling the statutory filing deadline, which would have allowed the 90-day clock to restart once the Supreme Court decided *Esquivel–Quintana*.

At each stop, before an immigration judge and then before the Board, Vue's argument has been rejected. Neither thought that *Esquivel–Quintana* applied to his solicitation-of-prostitution offense. For Vue, this meant that he did not receive either a sua-sponte reopening of the earlier proceedings or equitable tolling of the statutory

filing deadline. On both points, he petitions for review on the theory that the Board misread *Esquivel–Quintana*.[1]

## II.

When it comes to how the Board exercises its power to reopen on "its own motion," our review is exceedingly narrow. By law, the decision is "committed to agency discretion," and without any "meaningful standard" to guide our review, all we can do is consider "colorable" constitutional claims. *Tamenut v. Mukasey*, 521 F.3d 1000, 1003–05 (8th Cir. 2008) (en banc) (per curiam) (citation omitted). *See generally Webster v. Doe*, 486 U.S. 592, 603 (1988) (explaining that the exception is based on the rule "that where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear"). Vue does not raise a colorable constitutional claim, so under currently existing law, we cannot review this decision. *See Tamenut*, 521 F.3d at 1005 (reaching a similar conclusion).

Relying on cases from other circuits, however, Vue urges us to recognize a second exception permitting appellate review when the Board relies "on an incorrect legal premise." *Barajas-Salinas v. Holder*, 760 F.3d 905, 907 (8th Cir. 2014) (citation omitted).[2] The "incorrect legal premise," according to him, is that the Board misinterpreted *Esquivel–Quintana* when it concluded that it had no

---

[1]Vue's second petition challenges the denial of his motion for reconsideration. This later motion, however, just restated his arguments about why the Board should have granted his motion to reopen. In the absence of anything new, the Board did not abuse its discretion in denying it. *See Averianova v. Holder*, 592 F.3d 931, 935 (8th Cir. 2010) (discussing the standard of review).

[2]Several circuits have recognized an exception like this one. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011); *Bonilla v. Lynch*, 840 F.3d 575, 588–89 (9th Cir. 2016); *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1271 (10th Cir. 2013) (suggesting that appellate courts can review "questions of law" raised by the Board's refusal to reopen sua sponte).

application here. We have not yet completely shut the door on this exception, but we do so now. *See id.* at 908 n.\* (leaving this question open but expressing doubt about the exception); *see also Heckler v. Chaney*, 470 U.S. 821, 833 n.4 (1985) (leaving similar questions open).

Recognizing a far-reaching exception like this one would be a retreat from *Tamenut*, *Barajas–Salinas*, and the general principle that there is no "theory of partial reviewability" for actions committed to agency discretion. *Schilling v. Rogers*, 363 U.S. 666, 674–75 (1960); *see Barajas–Salinas*, 760 F.3d at 908 n.\* (noting that the Supreme Court has rejected a partial-reviewability theory). As the Supreme Court has made clear, when the law commits certain actions to agency discretion, we cannot pick and choose what to review depending on the particulars of each case. *See Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 282–83 (1987) (rejecting the proposition that "if [an] agency gives a 'reviewable' reason for [an] otherwise unreviewable action, the action becomes reviewable"); *see also Crowley Caribbean Transp., Inc. v. Pena*, 37 F.3d 671, 676 (D.C. Cir. 1994) (explaining that *Brotherhood of Locomotive Engineers* does not allow courts to "carv[e] reviewable legal rulings out from the middle of non-reviewable actions"). This is particularly true for agency *in*action, which is generally unreviewable. *See Minn. Milk Producers Ass'n v. Glickman*, 153 F.3d 632, 642 (8th Cir. 1998); *see also Bhd. of Locomotive Eng'rs*, 482 U.S. at 283 (explaining that a prosecutor's mistaken belief that "the law will not sustain a conviction" is not a reason to review the "refusal to prosecute"). So committing the action to the Board's discretion creates an entire "categor[y]" of decisions that lies beyond our jurisdiction to review.[3] *Barajas–Salinas*, 760 F.3d at 908 n.\* (reviewing relevant Supreme Court cases).

---

[3]It is true, as Vue argues, that courts routinely review legal conclusions. Even so, *familiarity* is not the same as *authority*. Even if the Board got the law wrong, as he claims, it would not give us the authority to review a decision that is otherwise unreviewable. *See Bhd. of Locomotive Eng'rs*, 482 U.S. at 283.

III.

Our review of the denial of Vue's statutory motion to reopen is broader. It extends to both "constitutional claims [*and* other] questions of law," 8 U.S.C. § 1252(a)(2)(C)–(D); *see also Brikova v. Holder*, 699 F.3d 1005, 1008 (8th Cir. 2012) (discussing the criminal-alien bar), including the timeliness of the filing itself, *see Mata v. Lynch*, 135 S. Ct. 2150, 2154–55 (2015), and the availability of equitable tolling, *Guerrero-Lasprilla v. Barr*, 589 U.S. ___, No. 18–776, slip op. at 3–5 (Mar. 23, 2020) (holding that 8 U.S.C. § 1252(a)(2)(D) lets us review equitable-tolling arguments that involve the "application of a legal standard to undisputed or established facts").

Vue's window for filing a motion to reopen lasted only 90 days from the date of his final order of removal in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). By waiting until 2017 to file the motion, he missed the window by more than a decade.

Recognizing that the motion came 12 years too late, Vue sought rescue in the form of equitable tolling, relying once again on *Esquivel–Quintana*. *See generally Hernandez-Moran v. Gonzales*, 408 F.3d 496, 499–500 (8th Cir. 2005) (explaining equitable tolling). Although he raised this argument before the Board, he has forfeited it now by failing to raise it in his opening brief. He admits his mistake in his reply brief, but he nevertheless asks for a remand to give the Board the first crack at equitable tolling. This request would only make sense, however, if the Board failed to address equitable tolling in the first place. *Cf. Ortega–Marroquin v. Holder*, 640 F.3d 814, 820 (8th Cir. 2011) (remanding because the Board never addressed equitable tolling after it *granted* reopening "on its own motion").

The Board's decision is not a model of clarity on this point. On the one hand, the bulk of the Board's analysis explains why *Esquivel–Quintana* is of no help to Vue, which refutes his sole rationale for equitable tolling. On the other hand, the concluding paragraph of the Board's decision says that

> sua sponte reopening is not warranted, as [Vue] has not demonstrated a fundamental change in law which would affect the outcome of his case. *As [he] is not asserting any other grounds* for termination or eligibility for any other form of relief, *we need not address [his] argument that the motions deadline should be equitably tolled.*

(Emphasis added and citations omitted).

In isolation, the last sentence arguably suggests that the Board never decided whether equitable tolling was available. But in the context of its earlier statement that Vue "is not asserting any other grounds for . . . relief," the better reading is that the Board considered tolling but rejected it based on its earlier analysis of *Esquivel–Quintana*. *See* Certified Administrative R. at 24 ("Thus, we agree with the Immigration Judge that *Esquivel–Quintana . . .* does not change the result in [Vue's] case"); *id.* at 4 ("As noted above, and in our *prior decision*, [his] offense is not a statutory rape type offense and does not criminalize conduct based solely on the age of the participants." (emphasis added)); *cf. Lee v. Holder*, 765 F.3d 851, 855 (8th Cir. 2014) (explaining that the Board "may deny a motion to reopen on the basis of new evidence" if "the movant would not be entitled to the discretionary grant of relief sought" (citation omitted)). Without equitable tolling, his motion came 12 years too late.

## IV.

Both petitions for review are accordingly denied.
_____