# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3037

———————————————

Juan Carlos Garcia-Alvarado

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: February 16, 2022
Filed: February 25, 2022
[Unpublished]

——————————

Before BENTON, KELLY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Juan Carlos Garcia-Alvarado, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision. The IJ denied his asylum application as untimely, and denied him withholding of removal and protection under the Convention Against Torture (CAT). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

To the extent Garcia-Alvarado seeks review of the denial of his asylum application, this court may not review it because he failed to exhaust his claim. The IJ found his application was untimely and not subject to any exceptions that would excuse the untimeliness, the BIA concluded he waived any challenge to those findings because he did not raise them on appeal, and he does not challenge the BIA's waiver determination in this court. *See Chak Yiu Lui v. Holder*, 600 F.3d 980, 984 (8th Cir. 2010); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). This court also is precluded from reviewing the CAT claim because it was not exhausted before the agency, and Garcia-Alvarado—who was represented by the same counsel during the adversarial agency proceedings—offers no compelling reason to excuse exhaustion. *See* 8 U.S.C. § 1252(d)(1); *Bakor v. Barr*, 958 F.3d 732, 739 (8th Cir. 2020); *Marambo v. Barr*, 932 F.3d 650, 654-55 (8th Cir. 2019); *Martinez Carcamo v. Holder*, 713 F.3d 916, 925 & n.6 (8th Cir. 2013).

Substantial evidence supports the agency's decision to deny Garcia-Alvarado withholding of removal because he failed to show, by a clear probability, that his life or freedom would be threatened in Mexico based on a statutorily protected ground. *See* 8 U.S.C. § 1231(b)(3); *Mouawad v. Gonzales*, 485 F.3d 405, 411-12 (8th Cir. 2007). He conceded that any past persecution he suffered was motivated by the gang's desire to recruit him, not his proposed particular social group, and his argument is belied by the record. S*ee Pinos Gonzalez v. Barr*, 929 F.3d 595, 597 (8th Cir. 2019); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1117, 1119 & n.3 (8th Cir. 2020) (standard of review). The record does not support the conclusion that Garcia-Alvarado could not reasonably relocate within Mexico to avoid a future threat. *See De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); 8 C.F.R. § 1208.16(b)(3) (delineating potentially relevant factors); *see also Bautista-Bautista v. Garland*, 3 F.4th 1048, 1051, 1053 (8th Cir. 2021).

The petition is denied. *See* 8th Cir. R. 47B.

_____