# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-3426
_____

Lizbeth Salcido Mar

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 20, 2021
Filed: February 28, 2022
_____

Before GRUENDER, ERICKSON, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Lizbeth Salcido Mar, a native and citizen of Mexico, entered the United States in 1993 with a B2 visitor visa. On May 18, 2012, the government commenced removal proceedings, through the filing of a Notice to Appear, on the ground that she was not in possession of a valid visa or other entry document. Salcido Mar filed applications for asylum and cancellation of removal, but ultimately proceeded only with her application for cancellation of removal. In April 2017, Salcido Mar's

application was denied. The Board of Immigration Appeals ("BIA" or "Board") entered a final administrative decision on January 11, 2018, when it dismissed Salcido Mar's appeal of the Immigration Judge's decision denying her application for cancellation of removal. Salcido Mar was granted permission to voluntarily depart from the United States, but she has not done so.

On October 13, 2017, Salcido Mar gave birth to a third child, a daughter who was born healthy but who began to develop asthma-like symptoms at age four months and was diagnosed with Respiratory Syncytial Virus. In July 2018, Salcido Mar filed a motion to reopen and stay of removal based on the medical records for her youngest child, who was born after the conclusion of the removal proceedings. In April 2019, the BIA denied her request to reopen, finding Salcido Mar did not provide an adequate explanation as to why she did not timely file the motion within 90 days of its final decision. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). The BIA further found that no hearing was warranted because the new evidence did not demonstrate exceptional and extremely unusual hardship or an exceptional situation warranting *sua sponte* reopening.

On March 7, 2019 (about a month before the BIA denied her initial motion to reopen), Salcido Mar gave birth to a fourth child. When the newborn was unable to stool on her own, Salcido Mar took her to a specialist who discovered that a section of the child's bowel appeared paralyzed. It is suspected that the child may have Hirschsprung's disease.

One year later, on March 9, 2020, Salcido Mar filed a second motion to reopen, asserting new evidence regarding her youngest child that was unavailable at the time of the merits hearing. While the introduction section of the motion summarily requests "that the numerical and time limits be equitably tolled in light of the serious medical condition her daughter is suffering," the only meaningful argument in the motion pertains to the BIA's authority to reopen the case under its *sua sponte* authority. See Admin. R. 12 ("Based on the above statute and existing case law, the Board has the power to *sua sponte* open a case at any time if they feel

it is warranted."); id. at 14 ("The Respondent again recognizes that the *sua sponte* power of this Court is not taken lightly, however, the facts of this matter warrant a reopening."). Contrast this to her first motion, where she specifically requested the 90-day deadline be tolled to allow her to present new material evidence. Admin. R. 81.

On October 29, 2020, the BIA, noting that the second motion to reopen was both time-barred and numerically-barred, declined to exercise its *sua sponte* authority to reopen and denied the motion. The BIA construed Salcido Mar's motion solely as a request to reopen *sua sponte*. Admin. R. 03 (reciting the motion as "she asks this Board to reopen *sua sponte*"). This appeal followed.

Generally, "we lack jurisdiction to review the Board's refusal to *sua sponte* reopen the proceedings" because it is a purely discretionary decision. Pinos Gonzalez v. Barr, 929 F.3d 595, 598 (8th Cir. 2019); see Tamenut v. Mukasey, 521 F.3d 1000, 1004 (8th Cir. 2008) (en banc) (per curiam) ("BIA's decision whether to reopen proceedings on its own motion is committed to agency discretion by law."). "[A]ll we can do is consider 'colorable' constitutional claims" when reviewing the BIA's refusal to *sua sponte* reopen removal proceedings. Chong Toua Vue v. Barr, 953 F.3d 1054, 1057 (8th Cir. 2020) (citing Tamenut, 521 F.3d at 1003-05). Equitable tolling, even if Salcido Mar raised the issue, does not fall into this narrow exception. Villanueva v. Holder, 615 F.3d 913, 916 (8th Cir. 2010) (determining the Court lacks jurisdiction to review equitable tolling arguments that were not exhausted in the administrative proceedings below).

We dismiss the petition for lack of jurisdiction.

_____