# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2501
_____

Lizbeth Salcido Mar

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 13, 2023
Filed: February 16, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Lizbeth Salcido Mar, a citizen of Mexico, applied for and was denied cancellation of removal. She eventually filed a second motion to reopen her removal proceedings, but the Board of Immigration Appeals (BIA) denied that motion, and this court dismissed her petition for review of that order. See Salcido Mar v. Garland, 27 F.4th 598, 599 (8th Cir. 2022) (Salcido I). In November 2020, she filed a motion

to reconsider the denial of her second motion to reopen. The BIA denied the motion to reconsider in June 2022. She now petitions for review of the BIA's June 2022 order, a decision we review under a deferential abuse-of-discretion standard. See Rodriguez de Henriquez v. Barr, 942 F.3d 444, 446-47 (8th Cir. 2019).

We conclude that the BIA did not abuse its discretion by denying Salcido Mar's self-titled motion to reconsider. See 8 U.S.C. § 1229a(c)(6)(C) (standards for motions to reconsider); 8 C.F.R. § 1003.2(b)(1) (2022) (same); In re O-S-G-, 24 I. & N. Dec. 56, 57-58 (BIA 2006) (explaining the standards for motions to reconsider). As we have repeatedly stated, "[t]he BIA does not abuse its discretion if it refuses to reconsider the very arguments it has already rejected." Rodriguez de Henriquez, 942 F.3d at 447 (citation omitted); see also Chong Toua Vue v. Barr, 953 F.3d 1054, 1057 n.1 (8th Cir. 2020); Gomez-Gutierrez v. Lynch, 811 F.3d 1053, 1060 (8th Cir. 2016). Although Salcido Mar argues otherwise, the BIA's decision was sufficient to allow meaningful review. See Camacho v. Whitaker, 910 F.3d 378, 381 (8th Cir. 2018); Gomez-Gutierrez, 811 F.3d at 1061.

Salcido Mar's other arguments lack merit. This court indicated in Salcido I why the BIA construed her second motion to reopen "solely as a request to reopen *sua sponte*," see Salcido I, 27 F.4th at 599-600, she did not provide the BIA with a reason to change its mind, and we will not revisit that issue. We also will not fault the BIA for treating her November 2020 motion as a motion seeking reconsideration, rather than reopening--given she titled it that way, asked for reconsideration throughout it, and did not comply with the standards governing motions to reopen. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2); cf. Habchy v. Gonzales, 471 F.3d 858, 864 (8th Cir. 2006); Strato v. Ashcroft, 388 F.3d 651, 655 (8th Cir. 2004). Finally, the BIA did not violate Salcido Mar's due process rights. She had no constitutionally protected liberty interest in the discretionary remedy of cancellation of removal, see Nunez-Portillo v. Holder, 763 F.3d 974, 977 (8th Cir. 2014), and even assuming she had a protected liberty interest in the discretionary grant of

reconsideration or reopening, see Ali v. Barr, 924 F.3d 983, 987 (8th Cir. 2019), she did not demonstrate a fundamental procedural error and prejudice, see Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016).

Accordingly, we deny the petition for review.

_____