# In re Eloy ARGUELLES-Campos, Respondent

## File A73 000 231 - San Diego

*Decided June 7, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Effective April 1, 1997, an alien may apply for voluntary departure either in lieu of being subject to removal proceedings or before the conclusion of the proceedings under section 240B(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(a) (Supp. II 1990), or at the conclusion of the proceedings under section 240B(b) of the Act.

(2) An alien who applies for voluntary departure at the conclusion of removal proceedings pursuant to section 240B(b) of the Act must demonstrate, inter alia, both good moral character for a period of 5 years preceding the application for relief and the financial means to depart the United States, but an alien who applies before the conclusion of the proceedings pursuant to section 240B(a) is not subject to those requirements.

(3) Although an alien who applies for voluntary departure under either section 240B(a) or 240B(b) of the Act must establish that a favorable exercise of discretion is warranted upon consideration of the factors set forth in *Matter of Gamboa*, 14 I&N Dec. 244 (BIA 1972), which governed applications for voluntary departure under former section 244(e) of the Act, 8 U.S.C. § 1254(e) (1970), the Immigration Judge has broader authority to grant voluntary departure in discretion before the conclusion of removal proceedings under section 240B(a) than under section 240B(b) or former section 244(e). *Matter of Gamboa, supra*, followed.

(4) An alien who had been granted voluntary departure five times pursuant to former section 244(e) of the Act and had returned each time without inspection was eligible to apply for voluntary departure in removal proceedings under section 240B, because the restrictions on eligibility of section 240B(c), relating to aliens who return after having previously been granted voluntary departure, only apply if relief was granted under section 240B.

Lisa Galliath, Esquire, El Cajon, California, for respondent

Monica Mubaraki, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, GUENDELSBERGER, JONES, SCIALABBA, and MOSCATO, Board Members. Concurring Opinion: GRANT, Board Member, joined by SCHMIDT, Chairman. Concurring and Dissenting Opinion: ROSENBERG, Board Member.

JONES, Board Member:

In an oral decision rendered on June 19, 1997, the Immigration Judge found the respondent to be inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (Supp. II 1996), denied his application for voluntary departure, and ordered him removed to Mexico. The respondent has appealed. The appeal will be dismissed.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is an adult single male native and citizen of Mexico, who last entered the United States without inspection on March 25, 1997. Previously, the respondent had entered the United States without inspection five times, including as recently as March 23, 1997, after voluntarily departing the United States five times. The respondent was placed in removal proceedings after the police stopped his car on May 20, 1997, and gave him a ticket for speeding and for driving without a license. The respondent testified that he had been driving in the United States without a license for $3\frac{1}{2}$ years and had been stopped once before for driving without a license.

The Immigration Judge denied the respondent's application for voluntary departure in the exercise of discretion. The Immigration Judge noted that the respondent has two United States citizen children and volunteers at his church. However, the Immigration Judge found the adverse factors in the respondent's case to greatly outweigh his equities. Weighing most in the Immigration Judge's decision was the fact that the respondent had already voluntarily departed the United States fives times, only to reenter five times without inspection. The Immigration Judge also noted the respondent's traffic violations, including speeding and driving without a license for an extended period of time.

---

[1] In her dissent, Board Member Rosenberg raises the issue of the Board's jurisdiction to consider the respondent's appeal because he waived his right to appeal in order to apply for voluntary departure pursuant to, and as required by, section 240B(a)(1) of the Act, 8 U.S.C. § 1229c(a)(1) (Supp. II 1996), and 8 C.F.R. § 240.26(b)(1)(i)(D) (1999). It is true that the respondent, through counsel, initially waived his right to appeal when requesting voluntary departure. However, when voluntary departure was denied, the Immigration Judge correctly indicated that the respondent had the right to appeal the denial to the Board. Although a waiver of appeal is required when voluntary departure is granted after being requested prior to the completion of removal proceedings, there is no provision directing that if voluntary departure is denied, the alien is still precluded from appealing the denial. *See* 8 C.F.R. § 240.26(b)(1)(i)(D) (entitled "*Voluntary departure-authority of the Executive Office for Immigration Review . . . . (b) Prior to completion of removal proceedings (1) Grant by the immigration judge*"). The regulations do indicate at 8 C.F.R. § 240.26(g) that an alien cannot appeal the length of a period of voluntary departure, "as distinguished from issues of whether to grant voluntary departure." This provision is interpreted as supporting the position that an appeal may be made from the denial of voluntary departure, although not from the length of the period of voluntary departure when the relief is granted.

## II. VOLUNTARY DEPARTURE AND REMOVAL PROCEEDINGS

While we agree with the Immigration Judge's decision to deny the respondent voluntary departure in the exercise of discretion, we disagree with the Immigration Judge's statement of the current law with respect to voluntary departure. The Immigration Judge stated that in order to demonstrate statutory eligibility for voluntary departure, an alien must show that he is willing to leave the country, has the immediate means to depart, and has been a person of good moral character for either 5 or 10 years, depending upon the ground of deportability or removability involved. Such requirements, set out in section 244(e) of the Act, 8 U.S.C. § 1254(e) (1994), are for voluntary departure in deportation proceedings. We note, however, that the respondent's proceedings were initiated on May 20, 1997, when the Immigration and Naturalization Service issued the respondent a Notice to Appear (Form I-862). As a result, the respondent is in removal proceedings rather than deportation proceedings, and he is seeking voluntary departure under section 240B of the Act, 8 U.S.C. § 1229c (Supp. II 1996), rather than under former section 244(e) of the Act. In section 304(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-587 ("IIRIRA"), Congress added section 240B to the Act. Effective April 1, 1997, section 240B first permits an alien to apply for voluntary departure in lieu of being subject to removal proceedings. It also sets forth two distinct times when an alien may apply for voluntary departure in removal proceedings, and two different sets of requirements and conditions, depending on when the alien requests the relief during proceedings.

### A. Relief Available in Lieu of Removal Proceedings or at Two Distinct Times During Removal Proceedings

Under section 240B(a) of the Act, an alien may apply for voluntary departure either in lieu of being subject to proceedings under section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996), or before the conclusion of the removal proceedings, or voluntary departure may be requested at the conclusion of the removal proceedings under section 240B(b) of the Act. An alien may seek to depart voluntarily from the United States in lieu of being subject to proceedings under section 240 of the Act by applying for voluntary departure with the Service. *See* 8 C.F.R. § 240.25 (1999). Alternatively, once removal proceedings have been initiated, an alien may apply for one of two types of voluntary departure with an Immigration Judge.

If the alien applies for voluntary departure before the conclusion of the proceedings, as the respondent has done in this case, he must make the request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing. It is not necessary that the alien

request the relief at the first master calendar hearing. *See* 8 C.F.R. § 240.26(b)(1)(i)(A) (1999). The Immigration Judge must then rule on the voluntary departure request within 30 days pursuant to 8 C.F.R. § 240.26(b)(1)(ii), or the Service may stipulate to a voluntary departure grant under section 240B(a) of the Act at any time prior to the completion of the removal proceedings under 8 C.F.R. § 240.26(b)(2).[2]

In the alternative, if the alien decides to apply for voluntary departure at the conclusion of the removal proceedings under section 240B(b) of the Act, he may do so after the case is initially calendared for a merits hearing. Then, depending on when the alien requests the relief during proceedings, different eligibility requirements and conditions must be met.

### 1. Requirements and Conditions Under Section 240B(a) of the Act (In Lieu of Being Subject to Removal Proceedings)

An alien who wishes to voluntarily depart the United States instead of being subject to removal proceedings may apply for voluntary departure with the Service. *See* 8 C.F.R. § 240.25. The authorized Service officer, in his or her discretion, shall specify the period of time permitted for voluntary departure. 8 C.F.R. § 240.25(c). The Service officer may also grant extensions of the departure period, except that the total period permitted, including any extensions, cannot exceed 120 days. *Id.* Every decision regarding voluntary departure shall be communicated in writing on Form I-210 (Notice of Action—Voluntary Departure). *Id.*

The Service may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including the posting of a bond, continued detention pending departure, and removal under safeguards. 8 C.F.R. § 240.25(b). The alien is required to present to the Service, for inspection and photo-copying, his or her passport or other travel documentation sufficient to assure lawful entry into the country to which the alien is departing. *Id.* The Service may then hold the passport or documentation for sufficient time to investigate its authenticity. *Id.* A voluntary departure order permitting the alien to voluntarily depart shall inform the alien of the penalties under section 240B(d) of the Act, which are discussed below. *Id.* Finally, voluntary departure may not be granted unless the alien requests

---

[2]Voluntary departure under section 240B(a) of the Act is not available to aliens arriving in the United States who are (or otherwise would be) placed in removal proceedings at the time of their arrival. *See* section 240B(a)(4) of the Act. However, section 240B(a)(4) of the Act should not be construed as preventing such aliens from withdrawing an application for admission and immediately departing the United States in accordance with section 235(a)(4) of the Act, 8 U.S.C. § 1225(a)(4) (Supp. II 1996).

such relief and agrees to its terms and conditions. 8 C.F.R. § 240.25(c).

If a voluntary departure application is pending with the Service after the commencement of removal proceedings, the Service counsel may notify the Immigration Court of the pending application. 8 C.F.R. § 240.25(d). If the Service agrees to voluntary departure after proceedings have commenced, it may either: (1) join in a motion to terminate the proceedings, and if the proceedings are terminated, grant voluntary departure; or (2) join in a motion asking the Immigration Judge to permit voluntary departure in accordance with 8 C.F.R. § 240.26. *Id.* An alien may not appeal a denial of an application for voluntary departure made under 8 C.F.R. § 240.25. 8 C.F.R. § 240.25(e). However, a denial of such an application shall be without prejudice to the alien's right to apply to the Immigration Judge for voluntary departure under 8 C.F.R. § 240.26 or for other forms of relief from removal. *Id.*

Finally, we note that the federal regulations authorize the Service to revoke voluntary departure if, subsequent to the granting of a voluntary departure application under 8 C.F.R. § 240.25, the Service ascertains that the application should not have been granted. 8 C.F.R. § 240.25(f). Any Service officer authorized to grant voluntary departure under 8 C.F.R. § 240.25(a) may revoke the grant without advance notice. *Id.* However, the revocation must be communicated in writing and must cite the statutory basis for the revocation. *Id.* An alien cannot appeal such a revocation. *Id.*

Once removal proceedings have been initiated, an alien may apply for one of two types of voluntary departure with the Immigration Judge, rather than the Service, depending on when the alien requests the relief.

### 2. Requirements and Conditions Under Section 240B(a) of the Act (Before the Conclusion of Removal Proceedings)

If an alien applies for voluntary departure before the conclusion of the removal proceedings, no additional relief may be requested. If additional relief has been requested, such a request must be withdrawn. 8 C.F.R. § 240.26(b)(1)(i)(B). The alien must also have conceded removability, waived appeal of all issues, and not been convicted of an aggravated felony or be deportable on national security grounds. Section 240B(a)(1) of the Act; 8 C.F.R. §§ 240.26(b)(1)(i)(C), (D), (E).

The Immigration Judge may not grant a voluntary departure period exceeding 120 days and may impose other conditions as deemed necessary to ensure the alien's departure, including the posting of a voluntary departure bond to be canceled upon proof that the alien has departed the United States within the time specified. Sections 240B(a)(2), (3) of the Act; 8 C.F.R. §§ 240.26(b)(3)(i), (e). An alien must also present the Service with a passport or other travel documentation sufficient to assure lawful entry into the country to which he is departing, unless a travel doc-

ument is not necessary to return to the country to which the alien is departing or the document is already in possession of the Service. 8 C.F.R. § 240.26(b)(3)(i). If the documentation is not immediately available to the alien, but the Immigration Judge is satisfied that the alien is making diligent efforts to secure it, the Immigration Judge may grant voluntary departure, subject to the condition that the alien furnish such documentation within 60 days. 8 C.F.R. § 240.26(b)(3)(ii). If the alien fails to do so within the 60-day period or any extension granted by the Service, the voluntary departure order shall be vacated and the alternate order of removal will take effect, as if in effect on the date the Immigration Judge's order is issued. *Id.*

Finally, neither the Act nor the regulations require that the alien show good moral character under section 240B(a) of the Act, although the alien must merit a favorable exercise of discretion. Therefore, in the case before us, we find that the Immigration Judge was incorrect in stating that the respondent must demonstrate good moral character for a period of 5 years preceding his application for voluntary departure.

### 3. Requirements and Conditions Under Section 240B(b) of the Act (At the Conclusion of Removal Proceedings)

Different requirements and conditions arise if an alien applies for voluntary departure at the conclusion of removal proceedings under section 240B(b) of the Act. First, the alien must have been physically present in the United States for at least 1 year immediately preceding the date the Notice to Appear was served under section 239(a) of the Act, 8 U.S.C. § 1229(a) (Supp. II 1996). Section 240B(b)(1)(A) of the Act; 8 C.F.R. § 240.26(c)(1)(i). Second, the alien must show that he is, and has been, a person of good moral character for at least 5 years immediately preceding the application for voluntary departure. Section 240B(b)(1)(B) of the Act; 8 C.F.R. § 240.26(c)(1)(ii). Additionally, the alien may not have been convicted of an aggravated felony or be removable on national security grounds. Section 240B(b)(1)(C) of the Act; 8 C.F.R. § 240.26(c)(1)(iii). The alien must also show by clear and convincing evidence that he has the means to depart the United States and intends to do so. Section 240B(b)(1)(D) of the Act; 8 C.F.R. § 240.26(c)(1)(iv).

Like section 240B(a) of the Act, section 240B(b) requires an applicant for voluntary departure to provide the Service with travel documents. 8 C.F.R. § 240.26(c)(2). However, unlike section 240B(a), under section 240B(b) the alien must also pay a mandatory voluntary departure bond of an amount sufficient to ensure the alien's departure, in no case less than $500. If the bond is not timely posted, the Immigration Judge's voluntary departure order is automatically vacated and the alternate order of removal takes effect the following day. Section 240B(b)(3) of the Act; 8 C.F.R. §

240.26(c)(3). The alien must also merit a favorable exercise of discretion. Finally, the Immigration Judge may impose other conditions as deemed necessary to ensure the alien's departure and may not grant a voluntary departure period exceeding 60 days.

## B. Differences Between Requirements and Conditions Under Sections 240B(a)and 240B(b) of the Act

It is clear from the significant differences between voluntary departure under sections 240B(a) and 240B(b) of the Act that Congress intended the two provisions to be used for different purposes. While the requirements for voluntary departure under section 240B(b) resemble those of voluntary departure under former section 244(e) in deportation proceedings, section 240B(a) requires much less from the alien. Under section 240B(a), an alien need not show that he has good moral character or that he has the financial means to depart the United States. An alien must request section 240B(a) relief either in lieu of being subject to proceedings, or early in removal proceedings. He must also voluntarily forego all other forms of relief. Thus, Immigration Judges can use section 240B(a) relief to quickly and efficiently dispose of numerous cases on their docket, where appropriate. We accept the need for such a tool and support its purpose. However, we note that discretion remains a required element of voluntary departure under both sections 240B(a) and 240B(b) of the Act.

The Board ruled in *Matter of Gamboa,* 14 I&N Dec. 244 (BIA 1972), that many factors may be weighed in exercising discretion with voluntary departure applications, including the nature and underlying circumstances of the deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of any criminal record; and other evidence of bad character or the undesirability of the applicant as a permanent resident. We further stated that discretion may be favorably exercised in the face of adverse factors where there are compensating elements such as long residence here, close family ties in the United States, or humanitarian needs. *Id.* at 248; *see also Campos-Granillo v. INS,* 12 F.3d 849 (9th Cir. 1994) (holding that in exercising discretion as to whether to grant or deny voluntary departure requests, the Immigration Judge must weigh both favorable and unfavorable factors by evaluating all of them); *Matter of Thomas,* 21 I&N Dec. 20 (BIA 1995). We find that these factors, which we have enunciated as pertinent to the exercise of discretion under section 244(e) in deportation proceedings, are equally relevant to the exercise of discretion under section 240B of the Act in removal proceedings. However, an Immigration Judge has broader authority to grant voluntary departure in discretion under section 240B(a) than under section 240B(b) or former section 244(e).

817

### C. General Conditions Under Section 240B of the Act
### (Both Before the Conclusion and at the Conclusion
### of Removal Proceedings)

Further restrictions and penalties also exist under both parts of section 240B of the Act. First, an alien is ineligible for voluntary departure under section 240B if the alien was previously permitted to so depart after having been found inadmissible under section 212(a)(6)(A). Section 240B(c) of the Act. However, we note that an alien who received voluntary departure under section 244(e) of the Act in deportation proceedings may receive voluntary departure under section 240B. The new restrictions apply only if the alien was already permitted to depart voluntarily under section 240B.

Also, if an alien is permitted to depart voluntarily under section 240B and fails to depart the United States within the time period specified, the alien shall be subject to a civil penalty of $1,000 to $5,000 and be ineligible for relief of cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant classification, and registry for a 10-year period. Section 240B(d) of the Act; 8 C.F.R. § 240.26(a). We note that the order permitting the alien to depart voluntarily must inform the alien of these consequences. Section 240B(d) of the Act. Finally, we note that authority to extend the voluntary departure period specified initially by an Immigration Judge or the Board is within the sole discretion of the Service district director, and no appeal shall lie regarding the length of a period of voluntary departure. 8 C.F.R. §§ 240.26(f), (g). However, both the Service and the alien may appeal issues of eligibility and discretion, as the respondent has done in this case.

### III. RESPONDENT'S APPLICATION

The respondent applied for voluntary departure at his second master calendar hearing, at which point the case was not yet calendared for a merits hearing. Therefore, he applied for the relief before the conclusion of his removal proceedings and must meet the requirements under section 240B(a) of the Act, as well as the federal regulations at 8 C.F.R. § 240.26, to be eligible for voluntary departure. Although the respondent initially indicated that he wanted to apply for cancellation of removal under section 240A(b) of the Act, 8 U.S.C. § 1229b(b) (Supp. II 1996), he properly withdrew that request and applied solely for voluntary departure, in accordance with 8 C.F.R. § 240.26(b)(1)(i)(B). The respondent also conceded that he is inadmissible as charged under section 212(a)(6)(A)(i) of the Act. 8 C.F.R. § 240.26(b)(1)(i)(C). In addition, the record of proceedings does not indicate that the respondent has been convicted of an aggravated felony or that he is removable on national security grounds. *See* section 240B(a)(1) of the

Act; 8 C.F.R. § 240.26(b)(1)(i)(E). Finally, although the respondent was previously permitted to voluntarily depart the United States five times, he was granted each voluntary departure under section 244(e) of the Act, rather than under section 240B. Therefore, section 240B(c) does not currently render the respondent statutorily ineligible for voluntary departure under section 240B. However, if the respondent illegally enters the United States subsequent to this order, he will be barred from again applying for voluntary departure, pursuant to section 240B(c) of the Act.

While we note that Congress changed many of the requirements for the relief of voluntary departure in section 304(a)(3) of the IIRIRA, including the elimination of good moral character in section 240B(a) of the Act, an alien must still show that he merits voluntary departure in the exercise of discretion. Although the respondent appears statutorily eligible for voluntary departure under section 240B(a) of the Act, we agree with the Immigration Judge that he does not merit the relief in the exercise of discretion.

In the case before us, the respondent first entered the United States in August 1987 but has departed this country several times. He lives with his two United States citizen children, volunteers at his church, and appears to have no criminal convictions. On the other hand, he has been working without authorization, driving in the United States without a license for a lengthy period of time, and most important, he has entered this country five times without inspection after being permitted to voluntarily depart five times. The record, in fact, reflects that within 3 months before the removal proceedings, the respondent had twice been granted voluntary departure within a matter of days and had immediately reentered the United States without inspection on both occasions. The respondent testified that he has returned to the United States without inspection because he belongs with his two children and their mother. *See Campos-Granillo v. INS, supra*, at 852. The Immigration Judge could reasonably conclude on the facts of this case that the respondent simply viewed grants of voluntary departure as a means to avoid immigration proceedings, or bring them to a close, by leaving the United States briefly and reentering illegally in hopes of not being apprehended again.

We agree with the Immigration Judge that the respondent's equities are outweighed by his adverse factors, particularly his immigration history and the nature of his entries into this country. Given the respondent's past immigration history, it seems quite unlikely that he would remain in Mexico until he is afforded the opportunity to legally immigrate to this country. We therefore find that the Immigration Judge properly denied the application for voluntary departure in the exercise of discretion.

The conditions under which respondents are eligible for voluntary departure have been meaningfully expanded under the new provisions of section 240B(a) of the Act. We think Congress contemplated that the

Immigration Judges would have broad authority to grant voluntary departure before the conclusion of removal proceedings to assist in promptly bringing cases to conclusion. Such authority can be generously applied. However, the law and regulations did leave such relief discretionary and, in this case, we conclude that the Immigration Judge did not err in finding that the respondent failed to adequately establish that he warrants a grant of voluntary departure in the exercise of discretion. Accordingly, the following order will be entered.

**ORDER:**  The appeal is dismissed.

*CONCURRING OPINION:* Edward R. Grant, Board Member, in which Paul W. Schmidt, Chairman, joined

I fully concur in the majority's opinion in this case. I write separately to note that the majority decision does not fully resolve all issues pertaining to when an alien is eligible to apply for the form of voluntary departure described in section 240B(a) of the Act, 8 U.S.C. § 1229c(a) (Supp. II 1996).

The Act limits the grant of voluntary departure under section 240B(a) to cases arising in lieu of the alien being placed in removal proceedings, or *prior to the completion of such proceedings*. The regulations have pegged the definition of "prior to the completion of . . . proceedings" to what transpires at the respondent's "master calendar" hearing: the request for relief must be made "prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing." 8 C.F.R. § 240.26(b)(1)(i)(A) (1999). While we are bound to follow this regulation, it is clear that a less strict time limit also would comport with the statutory concept of "prior to the completion of [removal] proceedings."  In many cases, the initial master calendar hearing may take place months or even a year prior to the commencement of the hearing on the merits, at which time the issues in the case may have become more clear and the wisdom of seeking a quick settlement thereof more evident. Time and experience will tell whether this administrative interpretation, in practice, has limited the utility of the statutory scheme enacted by Congress.[1]

While I do not concur in the separate opinion of Board Member Rosenberg, that opinion does accurately note that respondents can lose their rights to apply for the more generous form of voluntary departure provided in section 240B(a) of the Act, or conversely, unwittingly forfeit their rights

---

[1]The concern raised here is mitigated to some extent by the provision in 8 C.F.R. § 240.26(b)(2) that "at any time prior to the completion of removal proceedings, the Service counsel may stipulate to a grant of voluntary departure under section 240B(a) of the Act."

to pursue the merits of their defenses to removal and applications for relief, if full notice of their rights in these matters are not provided at the very commencement of removal proceedings. The risk is particularly acute for pro se aliens, who cannot reasonably be expected to know the distinction between the two forms of voluntary departure relief, and of the somewhat ephemeral deadline, after which only one form remains available.

It does not appear to be the practice, for example, at either initial master calendar hearings, or at master calendar hearings at which hearings on the merits are scheduled, for Immigration Judges to advise respondents of the availability of "section 240B(a) voluntary departure" and of the conditions that must be met for that form of relief. Since this may constitute the last opportunity for an alien to apply for this relief, the alien may unwittingly forfeit his rights and may find later on that voluntary departure under section 240B(b) (the only type apparently available after the conclusion of the master calendar hearing) is precluded. Given full notice of his rights at the master calendar hearing, the alien may have chosen to seek section 240B(a) voluntary departure.

In addition, aliens may be confused—as apparently are Members of this Board on occasion—as to exactly what constitutes a "master calendar" hearing. The term is not defined in the regulations. In some jurisdictions, virtually all merits cases are preceded by the type of "master calendar" that most closely resembles a "docket call" or "status call" in state and federal trial courts. In other venues, cases are efficiently disposed of during the first and only appearance before an Immigration Judge. Does that single hearing constitute a master calendar hearing? A merits hearing? Or both? However the hearing is denominated, at what point in the hearing does the respondent lose the ability to apply for relief under section 240B(a)? Given the potential importance of this benefit, would it not be appropriate for respondents to be advised of the consequences before that temporal point has passed?

Therefore, I would first suggest that at each hearing, Immigration Judges state for the record what type of hearing is occurring—a master calendar or an individual merits hearing.[2] Second, because section 240B(a) voluntary departure is only available during certain portions of removal proceedings, the Immigration Judge should notify an alien at each hearing whether it is available, what requirements must be met to receive such relief, and at what point it becomes unavailable. In conjunction with this second point, the Immigration Judge should also notify an alien when voluntary departure under section 240B(b) of the Act becomes the only form of voluntary departure available, along with stating the additional eligibility requirements and conditions, such as the shorter departure period.

---

[2] I note that while some Immigration Judges already state for the record what type of hearing is occurring, it is not consistently done by all Immigration Judges.

Making these explanations and warnings orally on the record clarifies what type of proceeding is occurring for the alien, the attorneys, and anyone reading the record. This is important because the type of hearing dictates what type of voluntary departure an alien may apply for and what requirements must be met to receive such relief. By orally advising an alien of available relief at each particular hearing, the Immigration Judge ensures that the alien is aware of section 240B(a) voluntary departure as an avenue for relief. Furthermore, it promotes the use of section 240B(a) voluntary departure as a tool to quickly and efficiently dispose of appropriate cases from the docket.

*CONCURRING AND DISSENTING OPINION:* Lory Diana Rosenberg, Board Member

I respectfully concur in part and dissent in part.

While I concur, in the abstract, with much of the majority's discussion of the present statute governing voluntary departure, I find the regulations governing requests for voluntary departure to be unclear. It seems to me that in issuing a precedent interpreting the statute, and applying the regulations issued under the Attorney General's delegated authority to promulgate regulations, we must clarify, for the guidance of the parties and the public, just what those regulations actually dictate.

First, although the regulations are ambiguous as to *the respondent's right to appeal*, in the event of the Immigration Judge's denial of voluntary departure sought prior to completion of the removal hearing, the majority assumes that we have jurisdiction to review the denial of voluntary departure without explanation of the scope or extent of our jurisdiction. Second, although the regulations are ambiguous as to *the respondent's right to a hearing*, in the event of a denial of voluntary departure sought prior to completion of the removal hearing, the majority upholds the Immigration Judge's order of deportation and dismisses the appeal without explanation regarding the respondent's loss of the right to a full hearing.

Third, inasmuch as the majority "disagree[d] with the Immigration Judge's statement of the current law with respect to voluntary departure," *Matter of Arguelles,* 22 I&N Dec. 3399, at 3 (BIA 1999), and the regulations appear to condition voluntary departure sought prior to completion of the removal hearing on the respondent's waiver of a number of fundamental hearing and appeal rights, I question whether the elections made by the respondent in the hearing before the Immigration Judge were knowing and voluntary as required by law. Fourth, given the overall structure of the statute and regulations, the infirmities in the record before us, and the facts pertinent to the respondent's request for voluntary departure, I have serious reservations concerning the majority's application of the law to the respondent's case. Consequently, I dissent.

## I. STRUCTURE AND CONTENT OF THE
## STATUTE AND REGULATIONS

Section 240B(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(a)(1) (Supp. II 1996), provides that the Attorney General "*may* permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, *in lieu of being subject to proceedings* under section 240 *or prior to completion of such proceedings*, if an alien is not deportable under section 237(A)(2)(A)(iii) [aggravated felony conviction] or section 237(a)(4)(B) [security and related grounds]." (Emphasis added.) Such permission "shall not be valid for a period exceeding 120 days." Section 240B(a)(2) of the Act. In addition, the Attorney General "*may* require" a bond to be posted to ensure the alien's departure. Section 240B(a)(3) of the Act (emphasis added). An "arriving alien" is not eligible for voluntary departure. Section 240B(a)(4) of the Act. By its terms, the discretionary authority under section 240B(a)(1) of the Act applies to determinations made by the Service, "in lieu of being subject to proceedings," as well as to determinations made by the Executive Office For Immigration Review, once proceedings have commenced before the Immigration Judge and "prior to the completion of such proceedings."

The statute also provides that at the conclusion of proceedings commenced before the Immigration Judge under section 240 of the Act, the Attorney General "*may* permit an alien voluntarily to depart the United States at the alien's own expense if, *at the conclusion of a proceeding under section 240*, the Immigration Judge enters an order granting voluntary departure in lieu of removal." Section 240B(b)(1) of the Act (emphasis added). The opportunity for a favorable exercise of this discretionary authority under section 240(b)(1) of the Act is conditioned upon the satisfaction of more stringent statutory requirements.

Unlike a grant of voluntary departure "in lieu of being subject to" removal proceedings or "prior to the completion of such proceedings" under section 240B(a)(1) of the Act, the respondent must have been present in the United States for at least 1 year immediately preceding the notice to appear. Section 240B(b)(1)(A) of the Act. There must be a finding that the respondent is and has been a person of good moral character for at least 5 years preceding the application for voluntary departure. Section 240B(b)(1)(B) of the Act. There must be a finding that he is not deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. II 1996) (aggravated felony conviction), or section 237(a)(4)(B) (security and related grounds). Section 240B(b)(1)(C) of the Act. Moreover, the Attorney General must find that the respondent has established by clear and convincing evidence that he has the means to depart and intends to do so. Section 240B(b)(1)(D) of the Act.

In addition, such discretionary authority is restricted with regard to the

period of voluntary departure that may be granted. Such permission "shall not be valid for a period exceeding 60 days." Section 240B(b)(2) of the Act. Furthermore, a bond must be posted. Section 240B(b)(3) of the Act.

An alien previously permitted to so depart after having been found inadmissible under section 212(a)(6)(A) of the Act, 8 U.S.C. § 1182(a)(6)(A) (Supp. II 1996), is ineligible under either of the foregoing statutory sections. Section 240B(c) of the Act. In addition a civil penalty may be imposed for failure to depart. Section 240B(d) of the Act. Most importantly, "[t]he Attorney General may by regulation limit eligibility for voluntary departure . . . for any class or classes of aliens." Section 240B(e) of the Act.

Accordingly, the Attorney General has promulgated regulations at 8 C.F.R. §§ 240.25 and 240.26 (1999). Consistent with the statute, the regulations provide that the Immigration and Naturalization Service may exercise authority to grant voluntary departure to an alien in lieu of his being subject to proceedings. Under this regulation, the Service has discretionary authority to impose various conditions, including the posting of a bond, continued detention, and removal under safeguards. 8 C.F.R. § 240.25(b).

In addition, the regulations extend authority to the Immigration Judges and the Board of Immigration Appeals within the Executive Office for Immigration Review to grant voluntary departure under specified circumstances. 8 C.F.R. § 240.26. Failure to depart voluntarily under section 240B of the Act, within the time specified after a grant of voluntary departure, results in the alien's being statutory ineligible, for a period of 10 years, for relief under sections 240A, 8 U.S.C. § 1229b (Supp. II 1996) (cancellation of removal); 245, 8 U.S.C. § 1255 (1994 & Supp. II 1996) (adjustment of status); 248, 8 U.S.C. § 1258 (1994 & Supp. II 1996) (change of status); and 249, 8 U.S.C. § 1259 (1994 & Supp. II 1996) (registry). 8 C.F.R. § 240.26(a). Consistent with Congress' extension of authority to the Attorney General to promulgate conditions that regulate eligibility for voluntary departure, these regulations address eligibility for voluntary departure, both prior to completion of proceedings and at the conclusion of proceedings. 8 C.F.R. §§ 240.26(b), (c).

## II. JURISDICTION OVER THE ISSUES RAISED BY THE RESPONDENT'S APPEAL

For purposes of the case before us, it is the regulatory conditions that attach to a grant of voluntary departure prior to completion of proceedings that are most important. According to 8 C.F.R. § 240.26(b)(1), the Attorney General has made eligibility for discretionary voluntary departure subject to five mandatory conditions. First, the request must be made "at or prior to the hearing at which the case is initially calendared." 8 C.F.R. §

240.26(b)(1)(i)(A). Second, no additional request for relief may be made. 8 C.F.R. § 240.26(b)(1)(i)(B). Third, the alien must concede removability. 8 C.F.R. § 240.26(b)(1)(i)(C). Fourth, the alien must waive appeal of all issues. 8 C.F.R. § 240.26(b)(1)(i)(D). And fifth, the alien must not have been convicted of a crime described in section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1994 & Supp. II 1996) (aggravated felony). 8 C.F.R. § 240.26(b)(1)(i)(E). In addition, according to the regulations, the Immigration Judge may not grant voluntary departure prior to the completion of removal proceedings "beyond 30 days after the master calendar hearing at which the case is initially calendared for a merits hearing." 8 C.F.R. § 240.26(b)(1)(ii).

## A. Issue Presented

The broad issue presented with regard to our jurisdiction is the effect of the statutory scheme—and the regulations implementing the possibility of a grant of voluntary departure after proceedings have commenced, but prior to completion of the removal proceedings—on the respondent's hearing rights.

## B. Waiver of Appeal of All Issues

The preliminary question presented is whether the respondent has waived "appeal of all issues," if his request for voluntary departure prior to the completion of removal proceedings is denied. The fourth mandatory condition under 8 C.F.R. § 240.26(b)(1)(i) of the regulations requires the respondent to waive appeal of all issues. 8 C.F.R. § 240.26(b)(1)(i)(D). A waiver of appeal of all issues suggests there will be no appeal of any issues under section 240B or related sections of the statute or regulations that otherwise might be subject to appeal. Nevertheless, in the case before us, the Immigration Judge advised the respondent of his right to appeal to the Board, and the respondent has taken an appeal. In addition, the majority has asserted jurisdiction over the respondent's appeal.

Looking at 8 C.F.R. § 240.26(b)(1)(i)(D) alone, it does not appear that the Board would have jurisdiction to entertain an appeal from a decision within the jurisdiction of the Immigration Judge under a regulatory provision that requires that all appeals be waived. *Cf.* 8 C.F.R. § 240.26(b)(1)(i)(D). The majority, in fact, notes that "[i]f an alien applies for voluntary departure before the conclusion of the removal proceedings, . . . [t]he alien must also have . . . waived appeal of all issues . . . ." *Matter of Arguelles, supra*, at 6. This construction arguably would be consistent with an interpretation of the statute that recognizes that the statutory standards imposed on a respondent seeking to obtain voluntary departure prior to the completion of the removal hearing are considerably relaxed in exchange for the respondent relinquishing rights of hearing and appeal that otherwise

would prolong proceedings and delay the respondent's departure from the United States.

However, the regulations also provide that no appeal may be taken regarding the amount of voluntary departure granted, "as distinguished from issues of whether to grant voluntary departure." 8 C.F.R. § 240.26(g). On the one hand, this subsequent subsection of the regulations implies that an appeal *may* be taken with regard to the outright denial of voluntary departure. *Id.* On the other hand, clearly, the voluntary departure statute and the regulations implementing it are intended to streamline and make more efficient the removal of aliens who are ineligible to remain in the United States. Appeal of an Immigration Judge's decision pertaining to voluntary departure would prolong rather than expedite removal. Therefore, were it not for the fact that the regulation does not appear to address *all* requests for voluntary departure, but only *grants* of voluntary departure, 8 C.F.R. § 240.26(b)(1)(i)(D) would seem to preclude appeal of the Immigration Judge's disposition of the request for voluntary departure prior to the completion of proceedings.

However, if we read 8 C.F.R. § 240.26(b)(1)(i)(D) as applying only to requests for voluntary departure made prior to the completion of a removal hearing in which an Immigration Judge *grants* voluntary departure, the restriction imposed by 8 C.F.R. § 240.26(b)(1)(i)(D) may be less encompassing than it appears initially. Thus, we would have jurisdiction over the instant appeal, as the respondent has been denied voluntary departure, and the waiver of "appeal of all issues" under 8 C.F.R. § 240.26(b)(1)(i)(D) would not apply in this case.

## C. Waiver of Other Hearing Rights

It follows that if the appeal rights that are expressly limited in the regulation are circumscribed only by the fact of a grant—but not a denial—of voluntary departure, then the waiver of other incidents of a full removal hearing that potentially benefit the respondent is similarly limited when such a request is denied.

First, the regulation requires that the respondent make no additional request for relief from removal and withdraw any request that may have been made prior to being granted voluntary departure. 8 C.F.R. § 240.26(b)(1)(i)(B). Second, the regulation requires that the respondent must concede "removability," meaning he is deportable as charged. 8 C.F.R. § 240.26(b)(1)(i)(C). Ordinarily, a concession of deportability constitutes a finding of fact or conclusion of law that would be dispositive. *See* 8 C.F.R. § 240.10(c) (1999). Appeal of such an issue would be subject to summary dismissal as a matter of discretion under 8 C.F.R. § 3.1(d)(1-a)(i)(B) (1999). Similarly, a failure to request relief in accordance with a schedule set by the Immigration Judge constitutes a waiver of the opportunity to file for such

relief. 8 C.F.R. § 3.31(c) (1999). However, if the respondent who is denied voluntary departure regains the right to appeal the discretionary denial of voluntary departure, it is reasonable that he should be restored entirely to the position he occupied before he requested voluntary departure prior to completion of his removal hearing.

A respondent who seeks voluntary departure prior to completion of a removal hearing could be an individual who is eligible for other discretionary relief from removal, such as cancellation of removal, but who fears he has a relatively weak case. Such an individual might be willing to enter into a disposition based on an agreement that essentially constitutes a "bargain" that he will not seek the other form of discretionary relief if he is granted voluntary departure. Similarly, a respondent might conclude that the charges lodged against him by the Service are weak and subject to challenge, but be willing to forego putting the Service to its burden of proving that he is removable by clear and convincing evidence in exchange for voluntary departure, which would relieve him of the stigma of removal. He may wish to take advantage of the possibility of a period of voluntary departure up to 120 days, and of not having to satisfy the good moral character and intent to depart requirements that apply when a respondent waits to apply for voluntary departure after the completion of proceedings.

It is Congress' intent in providing for voluntary departure prior to completion of the removal proceedings that we address here. If the statutory option of voluntary departure prior to completion of the removal proceedings, as implemented by the regulations, reflects Congress' intent that the respondent will forego his appeal rights only if he is granted voluntary departure, then I do not see how we can simply dismiss the case before us. The respondent's ostensible waiver of his rights to a hearing and to request alternate forms of relief cannot be considered any more effective than his waiver of his right to appeal. *See* 8 C.F.R. § 240.26(b). If his relinquishment is conditioned on voluntary departure being granted, then the Immigration Judge's denial of his request—and our affirmation of that denial—should restore the respondent's right to a hearing and to request relief from removal, just as it restores his right to appeal the Immigration Judge's denial of voluntary departure.

### III. KNOWING AND VOLUNTARY WAIVER OF STATUTORY HEARING RIGHTS

I note that the respondent's waiver of his right to a hearing, to request relief, and to appeal must be knowing and voluntary. A waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). A presumption against such an abandonment of rights exists in the civil as well as the criminal context. *See Fuentes v. Shevin*, 407 U.S. 67, 94 n.31 (1972). It is clear that "[w]hat-

ever the right, the standard for waiver is whether the actor fully understands the right in question and voluntarily intends to relinquish it." *Edwards v. Arizona,* 451 U.S. 477, 489 (1981) (Powell, J., concurring in the result).

The United States Court of Appeals for the Ninth Circuit has found such waivers to violate due process where the nature of the waiver provided "made it impossible to determine whether [the defendant] made a voluntary and intelligent decision" to waive his right to appeal. *United States v. Lopez-Vasquez,* 1 F.3d 751, 754 (9th Cir. 1993); *see also United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987) (involving the Immigration* Judge's failure to explain the aliens' rights to relief or to appeal and noting that the Government asked the Court "to assume that respondents' deportation hearing was fundamentally unfair"); *United States v. Proa-Tovar*, 975 F.2d 592, 593 (9th Cir. 1992) (en banc) (involving a concession by the Government that alien's waiver of his direct appeal rights was not knowing and intelligent where alien's attorney expressly waived alien's right to appeal, but where alien was not properly advised of such right).

The stringent requirement for a knowing and voluntary waiver was reaffirmed in *Walters v. Reno,* 145 F.3d 1032, 1037 (9th Cir. 1998), *cert. denied,* ___ U.S. ___, 119 S. Ct. 1140 (1999), where the United States Court of Appeals for the Ninth Circuit addressed document fraud charges lodged against aliens. Underlying the Ninth Circuit's decision in *Walters* is the recognition that although the United States has extraordinarily broad powers in the area of immigration and border control, it is also well established that aliens facing deportation from this country are entitled to due process rights under the Fifth Amendment. *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). As the Supreme Court has explained on a number of occasions, the Government is not free to deport an alien from the United States unless it has first accorded him the most basic procedural protections—notice and a hearing at a meaningful time and in a meaningful manner. *Landon v. Plasencia*, 459 U.S. 21, 32-33 (1982); *Bridges v. Wixon*, 326 U.S. 135, 154 (1945) (stating that deportation "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. . . . Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness.").[1] A waiver of either of these basic rights is valid only if the Government demon-

---

[1]As I stated in *Matter of Villalba*, 21 I&N Dec. 842 (BIA 1997) (Rosenberg, dissenting), it is axiomatic that notice comports with due process if it is of such a nature as to reasonably convey the necessary information. *Schneider v. County of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994), *cert. denied,* 513 U.S. 1155 (1995). The information provided must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 13 (1978) (quoting *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950)).

strates that the alien intentionally relinquished a known right or privilege. *United States v. Lopez-Vasquez, supra*, at 754; *see also Walters v. Reno, supra,* at 1037.

Moreover, the issue here is not the privilege of voluntary departure, which is subject to the Attorney General's discretion, but the right to a full removal hearing, which is an unconditional and fundamental right under the statute. *See* section 240 of the Act, 8 U.S.C. § 1229a (Supp. II 1996). In *Walters v. Reno, supra*, the Ninth Circuit emphasized that "[a]t the heart of this case is the plaintiffs' allegation that the procedures by which INS agents procured waivers of the right to a hearing in document fraud proceedings were constitutionally deficient because the forms used in connection with these proceedings did not adequately inform aliens of their right to a hearing or of the drastic immigration consequences that would ensue if the alien failed to request a hearing. As a result, the aliens' waivers were not made knowingly and voluntarily." *Id.* at 1037-38. Similarly, at the heart of this appeal is the question whether the respondent must be restored to his full hearing rights, inasmuch as his request for voluntary departure prior to completion of such a hearing has been rejected.

It is well established that "[t]he government bears the burden of proving the waiver." *United States v. Lopez-Vasquez, supra*, at 754; *see also Brewer v. Williams*, 430 U.S. 387, 404 (1977) ("[I]t [is] incumbent upon the State to prove 'an intentional relinquishment or abandonment of a known right or privilege.'" (quoting *Johnson v. Zerbst, supra*, at 464)); *Barker v. Wingo*, 407 U.S. 514, 525-26 (1972) ("Courts should 'indulge every reasonable presumption against waiver,' and they should 'not presume acquiescence in the loss of fundamental rights.'" (quoting *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393 (1937), and *Ohio Bell Tel. Co. v. Public Utilities Comm.,* 301 U.S. 292, 307 (1937))). In the instant case, the record does not reflect that a knowing and voluntary waiver was made. No such waiver on the respondent's part has been established here.

To the contrary, at a continued master calendar hearing held on May 30, 1997, the respondent conceded that he was removable as charged and was seeking only voluntary departure. The Immigration Judge then advised the respondent that by seeking voluntary departure in this manner, he would "abandon any possibility of any other type of relief, *if in fact voluntary departure is granted* to you." (Emphasis added.).[2] The Service indicated that it saw no statutory bars, but that it would oppose voluntary departure. There is nothing at all on the record that indicates the respondent ever was advised that—were he to be denied voluntary departure—he would aban-

---

[2] The Immigration Judge's warning that other relief would be abandoned "if in fact" voluntary departure relief were to be granted certainly would lead a reasonable person to believe that the waiver of other forms of relief is dependant on voluntary departure relief being granted.

don any other forms of relief, forego the right to a full hearing in which the Government would be held to its burden of proof, and be foreclosed from "appeal of all issues." *Cf.* 8 C.F.R. § 240.26(b)(1)(i)(D). In fact, the Immigration Judge affirmatively asked the respondent, through his attorney, whether he waived a formal reading and explanation of rights, "about the appeal rights as well." Certainly this does not suggest that the respondent or his attorney were notified that, as the result of seeking voluntary departure under 8 C.F.R. 240.26(b)(1), the respondent's hearing and appeal rights as to all issues would be waived. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988) (holding that administrative expediency must give way to protection of fundamental rights); *Orantes-Hernandez v. Meese*, 685 F. Supp. 1488, 1507 (C.D. Cal. 1988), *aff'd sub nom. Orantes-Hernandez v. Thornburgh,* 919 F.2d 549 (9th Cir. 1990); *see also Weidersperg v. INS,* 896 F.2d 1179, 1183 (9th Cir. 1990); *Mendez v. INS*, 563 F.2d 956, 958-59 (9th Cir. 1977) (holding that a deportation order obtained through an unconstitutional measure must be set aside).

The fact that an appeal was filed and responded to in this case illustrates rather dramatically that the parties did not understand that "appeal of all issues" would be waived by virtue of the respondent's seeking voluntary departure. *Cf.* 8 C.F.R. § 240.26(b)(1)(i)(D). As the Ninth Circuit has opined, "These facts might support an argument that Lopez-Vasquez knew what his right to an appeal was, but they fail to demonstrate that Lopez-Vasquez's silent waiver of the right was itself 'considered' and 'intelligent.'" *United States v. Lopez-Vasquez, supra*, at 754 (citing *United States v. Mendoza-Lopez, supra*, at 840).

## IV. CONSIDERATION OF VOLUNTARY DEPARTURE AS A MATTER OF DISCRETION IN THE RESPONDENT'S CASE

It is established that "[t]he grant of voluntary departure is a matter of discretion and administrative grace. An applicant for voluntary departure bears the burden of establishing both his statutory eligibility for such relief and that this privilege should be accorded to him in the exercise of discretion." *Matter of Thomas*, 21 I&N Dec. 20, at 22 (BIA 1995) (citations omitted); *see also* 8 C.F.R. § 242.17(e) (1995). In *Contreras-Aragon v. INS*, 852 F.2d 1088 (9th Cir. 1988) (en banc), the Ninth Circuit reaffirmed its understanding that "[t]he purpose of authorizing voluntary departure in lieu of deportation is to effect the alien's prompt departure without further trouble to the Service." *Id.* at 1093 (quoting *Contreras-Aragon v. INS*, 789 F.2d at 779 n.3 (9th Cir. 1986) (quoting *Wang Ching Fui* (August 21, 1969, unpublished decision)); *see also Perez-Funez v. District Director, INS*, 619 F. Supp. 656, 658 (C.D. Cal. 1985) (finding that "[a]lthough voluntary departure represents a waiver of rights, it is in

many ways a privilege" and citing *Tzantarmas v. United States*, 402 F.2d 163, 165 n.1 (9th Cir. 1968)).

Nevertheless, while recognizing the mutually beneficial trade-off inherent in voluntary departure as a form of discretionary relief, in *Contreras-Aragon v. INS,* 852 F.2d at 1095, the Ninth Circuit cautioned:

> Courts have long recognized that a judicial officer may not exact a price for the taking of an appeal. *See North Carolina v. Pearce,* 395 U.S. 711, 724,(1969); *Worcester v. Commissioner*, 370 F.2d 713, 718 (1st Cir. 1966); and *Short v. United States*, 344 F.2d 550, 552 (D.C. Cir. 1965). As the Supreme Court said in the context of criminal proceedings, "the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal . . . would be . . . a violation of due process of law. . . ." . . . [*North Carolina v. Pearce, supra*, at 724.] . . . Moreover, we have held that the INS may not condition voluntary departure upon the relinquishment of a protected right. (Citation omitted.)

In determining whether a favorable exercise of discretion is warranted with regard to a request for voluntary departure, an alien's prior immigration history, the nature of his entry or entries, violations of immigration and other laws, and the like may be considered. *Matter of Gamboa,* 14 I&N Dec. 244 (BIA 1972); *Matter of M-*, 4 I&N Dec. 626 (BIA 1952). Discretion may be favorably exercised in the face of adverse factors where there are countervailing equities such as long residence here, close family ties in the United States, or humanitarian needs. *Matter of Gamboa, supra.* For example, reiterating the recognition that "[i]t is difficult and probably inadvisable to set up restrictive guide lines for the exercise of discretion," because "[p]roblems which may arise in applications for adjustment must of necessity be resolved on an individual basis," the Board held in *Matter of Arai,* 13 I&N Dec. 494, 495-96 (BIA 1970), that determinative weight may be given to family ties and, particularly, marriage to a United States citizen.

Considering the respondent's situation in this framework, I note that the principal adverse factor in the respondent's case is his propensity to return to the United States after departing voluntarily. Although the respondent appears to have departed whenever allowed the opportunity to do so voluntarily, he has returned soon after such departures. However, as an applicant for voluntary departure before the completion of removal proceedings, he is not required to establish that he has the means and intent to depart. *Cf.* 8 C.F.R. § 240.26(c)(1)(iv). In addition, if his intent to depart is at issue, the Immigration Judge can impose, at his discretion, a bond to ensure the respondent's departure. 8 C.F.R. § 240.26(b)(3). The respondent appeared to be willing to give up his right to a hearing and to forego applying for any other forms of relief in order to seek voluntary departure. The respondent never previously was granted voluntary departure in a hearing before an Immigration Judge. In addition, the respondent never previously was aware or should have been aware that were he to reenter following a voluntary

departure of the type he is seeking here, he would be barred from any further grants of voluntary departure.

The majority opinion, like the Immigration Judge's denial of voluntary departure, sidesteps the two critical issues presented by the respondent's appeal: whether the respondent had adequate notice of what he was waiving by seeking voluntary departure, and whether he was properly notified of the standard under which his request for voluntary departure would be adjudicated. Under these circumstances, I cannot agree that the Immigration Judge's denial of voluntary departure on discretionary grounds should be upheld. Rather, I believe that the case should be remanded to the Immigration Judge, who should properly inform the respondent of his opinions in relation to the possibility of seeking voluntary departure.

In particular, the Immigration Judge should explain that the respondent may opt to seek voluntary departure prior to the completion of proceedings as provided in the regulations, or at the conclusion of proceedings, as provided in the regulations. The Immigration Judge must explain to the respondent the differences in the requirements that attach to each of these potential forms of voluntary departure, and the Immigration Judge must apply these different restrictions according to the form of voluntary departure, if any, that is sought by the respondent. After explaining these options, the Immigration Judge must obtain a waiver that is both knowing and voluntary before any such waiver will be effective.

## V. CONCLUSION

The record on appeal before us is so confused with erroneous information and unreliable interpretations of the current law of voluntary departure that the respondent cannot be said to have been properly notified of his burden in seeking voluntary departure before the completion of removal proceedings. Under the circumstances of the case before us, the respondent did not make a knowing and intelligent waiver of his hearing or appeal rights. Consequently, I would remand the record to the Immigration Judge for further proceedings consistent with the authority cited in my concurring and dissenting opinion.