United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60825
Summary Calendar

AFEES OLAJUWON,

Petitioner,

versus

JOHN ASHCROFT, U.S.
ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74-203-064
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Afees Olajuwon, a native and citizen of Nigeria, appeals an order issued by the Board of Immigration Appeals ("BIA") that summarily affirmed the decision of the Immigration Judge ("IJ") denying Olajuwon's application for voluntary departure. Olajuwon argues that his due process rights were violated at various stages of his removal proceedings because he was denied the opportunity to argue his eligibility for voluntary departure, was not informed of the grounds of his denial by the IJ, and because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA summarily affirmed the decision. The record reflects that Olajuwon never objected that he was denied the opportunity to argue statutory eligibility. In any event, the record demonstrates that the IJ informed Olajuwon that the basis for the decision was Olajuwon's statutory ineligiblity due to his status as an arriving alien. In addition, this court has held that the summary affirmance procedure utilized by the BIA does not constitute a due process violation. See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). Olajuwon's due process challenge is without merit.

Olajuwon also argues that the IJ erred in denying his application for voluntary departure. At his removal hearing, Olajuwon confirmed that he was applying for a voluntary departure prior to the commencement of removal proceedings under 8 U.S.C § 1229c(a)(1). At the hearing and later in his reply brief, Olajuwon conceded his status as an "arriving alien." Under these circumstances, Olajuwon is ineligible for voluntary departure. 8 U.S.C. § 1229c(a)(4); In re Arguelles-Campos, 22 I & N Dec. 811 n.2 (BIA 1999). For the first time in his reply brief, Olajuwon alternatively argues that he is applying for voluntary departure as an "applicant for admission." This court will not review this argument raised for the first time in his reply brief. See Unida v. Levi Strauss Co., 986 F.2d 970, 976 n.4 (5th Cir. 1993). Olajuwon's petition for review is DENIED.