NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAULIO ROMAN SALGADO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | Nos. 20-71485<br>20-73580<br>21-1295<br><br>Agency No. A200-552-283<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2023[**]
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[***] District Judge.

Braulio Roman Salgado petitions for review of a decision of the Board of

Immigration Appeals ("BIA") reversing an order of an Immigration Judge ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

granting cancellation of removal. Roman also petitions for review of the BIA's denial of reopening and reconsideration of the denial of reopening. We dismiss in part and deny in part the petition for review in No. 20-71485 and deny the petitions in Nos. 20-73580 and 21-1295.

1.      Even assuming that Roman's challenge to the BIA's hardship determination in No. 20-71485 presents a reviewable legal question, 8 U.S.C. § 1252(a)(2)(D), the BIA also denied cancellation in the exercise of its discretion, which we cannot review, *id.* § 1252(a)(2)(B). The BIA's citation to *In re Castillo-Perez*, 27 I. & N. Dec. 664 (A.G. 2019), in its discretionary analysis does not give rise to a colorable legal argument over which we have jurisdiction. The BIA did not apply *Castillo*'s holding that multiple drunk driving offenses give rise to a presumption against good moral character but rather considered that opinion's "discussion of the dangerous nature of drunk driving" when addressing the equities of Roman's case. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (holding that a "claim must have some possible validity" to be "colorable" (citation omitted)).

2.      We deny the petition in No. 20-71485 insofar as it challenges the BIA's sua sponte denial of voluntary departure. The IJ's "decision" on cancellation, *see* 8 C.F.R. § 1003.1(b), vested the BIA with jurisdiction to deny voluntary departure in the exercise of its discretion. 8 CFR § 1003.1(d)(3)(ii) (authorizing de novo review

over discretionary determinations); *see also Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1119 (9th Cir. 2019). Roman has also not shown prejudice from any lack of notice. *See In re Arguelles-Campos*, 22 I. & N. Dec. 811, 817 (B.I.A. 1999) (stating that "the existence, seriousness, and recency of any criminal record" is relevant to the voluntary departure decision).

3. We deny the petition in No. 20-73580 because the BIA did not err by denying reopening. Roman has not shown that his prior legal entry could not have been discovered earlier. *See* 8 C.F.R. § 1003.2(c)(1). Roman's purported estrangement from his mother did not prevent her from submitting documents in support of his application for cancellation or from being present at that hearing.

4. We deny the petition in No. 21-1295 because the BIA did not err by denying reconsideration of its denial of reopening. The BIA addressed every argument that Roman now raises, and he has not shown why the missing page from his mother's declaration was the type of "highly probative or potentially dispositive evidence" that would require a remand. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013) (cleaned up).

Petition for Review in No. 20-71485 **DISMISSED IN PART AND DENIED IN PART**. Petitions for Review in Nos. 20-73580, 21-1295 **DENIED**.