NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIRO SURIEL TORRES LOPEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-759

Agency No.
A205-414-453

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Jairo Suriel Torres Lopez, a native and citizen of

Mexico, petitions for review of a decision by the Board of Immigration Appeals

("BIA") denying his motion to reopen/remand based on ineffective assistance of

counsel. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion and will reverse the denial only if it is "arbitrary, irrational, or contrary to law." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (internal quotations and citations omitted). "Claims of due process violations in deportation proceedings, due *inter alia* to ineffective assistance of counsel, are reviewed de novo." *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). "We review findings of fact regarding counsel's performance for substantial evidence." *Id.* at 1024.

Torres Lopez asserts that his former counsel, Alex Navidad, rendered ineffective assistance by (1) not discovering his eligibility for adjustment of status under 8 U.S.C. § 1255(a), and (2) recommending that he withdraw his cancellation of removal application despite his eligibility and with no tactical advantage to foregoing such relief.[1] To establish ineffective assistance of counsel, Torres Lopez must show (1) that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case," and (2) resulting "prejudice." *Lin*, 377 F.3d at 1023–24 (citations omitted). The BIA did not abuse its discretion in denying Torres Lopez's motion to reopen.

The record does not support Torres Lopez's claim that his counsel was

---

[1] Before the BIA, Torres Lopez also asserted that his former counsel rendered ineffective assistance by failing to apply for deferred action of removal. Torres Lopez does not raise this claim before this court, and therefore this argument is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

ineffective for failing to discover that immigration officials "waved" Torres Lopez into the United States as a child. When a petitioner fails to inform counsel of facts that may give rise to another basis for relief, any resulting prejudice is "directly attributable" to the petitioner's failure, "rather than the quality of [counsel's] representation." *Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004).

Moreover, Torres Lopez's only support for his assertion that he was "waved" into the U.S. is his own affidavit from 2021. Other evidence in the record undercuts this contention. Torres Lopez's I-213 forms reflect that he repeatedly told immigration officials that he had entered without inspection at an unidentified location. In his removal proceedings, Torres Lopez also admitted that he had not been inspected when he entered the United States. Given this conflicting evidence, the BIA did not err in determining that Torres Lopez's affidavit was not inherently believable such that it may be accepted without further corroboration. *See Bhasin v. Gonzales,* 423 F.3d 977, 987 (9th Cir. 2005) (establishing that "affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable").

Substantial evidence also supports the BIA's determination that Navidad's decision not to pursue cancellation of removal was likely a reasonable strategic decision, not deficient performance. "Counsel . . . is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for

success—for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009). Cancellation of removal is a discretionary form of relief. *See* 8 U.S.C. § 1229b(b)(1). According to Navidad, Torres Lopez was "well aware that his [c]ancellation application was weak due to insufficient hardship evidence and that he would likely be denied." The BIA also observed that Torres Lopez's prior DUI convictions, though later set aside, further diminished the likelihood of success.

Navidad's decision to withdraw Torres Lopez's request for cancellation of removal also enabled Torres Lopez to pursue pre-conclusion voluntary departure under 8 U.S.C. § 1229c(a)(1). The agency has greater discretion in awarding pre-conclusion voluntary departure than post-conclusion voluntary departure under 8 U.S.C. § 1229c(b). *See Matter of Arguelles-Campos*, 22 I. & N. Dec. 811, 817 (BIA 1999). And this distinction is particularly relevant where an individual's criminal record weighs against discretionary relief. *See id.* By withdrawing the cancellation of removal claim, Navidad may have enhanced Torres Lopez's likelihood of success for pre-conclusion voluntary departure, which the IJ ultimately granted.

Under these circumstances, the BIA did not err in finding no ineffective assistance of counsel and did not abuse its discretion in denying Torres Lopez's motion to reopen.

**PETITION DENIED.**