12-726-ag
Patino v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand thirteen.

PRESENT:
>  BARRINGTON D. PARKER,
>  RAYMOND J. LOHIER, JR.,
>  SUSAN L. CARNEY,
>  *Circuit Judges*.

_____

LENIN PATINO,

>  *Petitioner*,

>  v.                                                                                12-726-ag

ERIC H. HOLDER, JR., United States Attorney General,

>  *Respondent*.

_____

FOR PETITIONER:                          Glenn L. Formica and Elyssa N. Williams, Formica Williams, P.C., New Haven, CT.

FOR RESPONDENT:                    Laura Halliday Hickein, Trial Attorney, Shelley R. Goad, Assistant Director, Office of Immigration Litigation; Stuart F. Delery, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C.

Appeal from a January 20, 2012 decision of the Board of Immigration Appeals ("BIA") reissuing its January 15, 2009 decision.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Lenin Patino, a citizen of Ecuador, appeals from a decision of the BIA affirming the January 23, 2008 decision of Immigration Judge Michael W. Straus (the "IJ"), which denied his application for voluntary departure pursuant to 8 U.S.C. § 1229c and found him removable as charged. On appeal, Patino contends that (1) the IJ erred in denying, and the BIA erred in affirming the denial of, his application for voluntary departure, and (2) his prior counsel provided ineffective assistance. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision.

I.    Legal Standards

When, as here, "the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness." Lecaj v. Holder, 616 F.3d 111, 114 (2d Cir. 2010) (quotation marks omitted). We review factual findings under the substantial evidence standard and legal questions de novo. Id.

2

## II. Denial of Application for Voluntary Departure

Patino claims that the IJ's fact-finding was "improper and inaccurate" and that the IJ "weighed the adverse factors in the case too heavily and did not consider relevant equitable factors." This Court lacks jurisdiction to review a denial of discretionary relief, including a denial of a request for an order of voluntary departure under 8 U.S.C. § 1229c. See 8 U.S.C. § 1229c(f); 8 U.S.C. § 1252(a)(2)(B)(i); Carcamo v. U.S. Dep't of Justice, 498 F.3d 94, 97 (2d Cir. 2007) ("We are barred by statute from reviewing the denial of a request for voluntary departure."). While that jurisdictional bar does not preclude "'review of constitutional claims or questions of law raised upon a petition for review,'" Carcamo, 498 F.3d at 97 (quoting 8 U.S.C. § 1252(a)(2)(D)), it does preclude review of a petition that "essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law," id. (quotation marks omitted). We reject Patino's repeated attempts to characterize the IJ's decision as "flawed by an error of law." He clearly challenges the agency's exercise of discretion and presents no question of law. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 330 (2d Cir. 2006) (noting that petitioner cannot overcome jurisdictional bar "by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion").

To the extent Patino claims that the agency's analysis was legally flawed because the agency failed to consider all of the relevant factors necessary for a grant of voluntary departure, we have jurisdiction to review that claim. See Felzcerek v. INS, 75 F.3d 112, 118 (2d Cir. 1996). Nevertheless, we reject it. Although Patino correctly applied for voluntary departure under 8

3

U.S.C. § 1229c(a) because the application was filed prior to the conclusion of his removal proceedings, see In re Arguelles-Campos, 22 I. & N. Dec. 811, 813 (BIA 1999), the factors that Patino claims the agency failed to consider relate to applications for voluntary departure under 8 U.S.C. § 1229c(b), which covers applications filed at the conclusion of removal proceedings. With that distinction in mind, the IJ's refusal to grant voluntary departure on the ground that he did not merit such relief was entirely proper under § 1229c(a) and was well within its broad discretion to do so. See In re Arguelles-Campos, 22 I. & N. Dec. at 819.

III.    Ineffective Assistance of Counsel

Patino also contends that "[t]he ineffective assistance of [his] prior counsel . . . denied [him] the opportunity to fully exhaust his legal options on appeal." To prevail, petitioner must show deficiencies in his counsel's performance and prejudice resulting therefrom – in other words, "that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." Debeatham v. Holder, 602 F.3d 481, 485 (2d Cir. 2010) (alteration and quotation marks omitted). We reject Patino's claim because he does not specify any relief for which he was eligible that his prior counsel failed to pursue.

We have considered Patino's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part. The pending motion for a stay of removal is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4